■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Jeffrey Tesh, Appellant

We disagree with the defendant's contention that the trial court should not have allowed testimony by Suzanne Monzon (the defendant's mother) concerning her conversations with the defendant since these statements were protected by a "parent-child privilege".

With the exception of certain telephone conversations, all of the defendant's other communications to his mother were made in the presence of third parties, thus negating any assertion of a privileged communication. With respect to the telephone conversations, the defendant merely asked his mother if the police were looking for him and also inquired as to what had happened to his coperpetrator. Assuming such statements were inculpatory and improperly admitted, such an error would be harmless since the defendant's guilt was overwhelmingly established, in view of the fact that the defendant had confessed his guilt to various parties on three separate occasions (see, People v Crimmins, 36 NY2d 230).

We, therefore, hold that the parent-child privilege is inapplicable to the facts encountered in the instant case. In *People v Harrell* (87 AD2d 21, 26, *affd* 59 NY2d 620), we held that a parent-child privilege can arise in certain circumstances, such as when "a minor, under arrest for a serious crime, seeks the guidance and advice of a parent in the unfriendly environs of a police precinct". These circumstances were simply not present in the case at bar. Equally inapposite are the other cases relied upon by the defendant.

We have reviewed the defendant's other claims and find them to be without merit. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.