■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES EDWARDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 9, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements.

Ordered that the judgment is affirmed.

We agree with the hearing court's determination denying those branches of the defendant's omnibus motion which were to suppress physical evidence and statements for reasons stated by Justice Tomei in his memorandum decision dated April 29, 1982.

The defendant's present contention that the admission of certain testimony was violative of the parent-child privilege is unpreserved for our review inasmuch as it was neither raised at the suppression hearing nor cited as a ground for objection to the admission of the evidence at trial *(see, People v Harrell,* 59 NY2d 620). In any event, we find no substantive merit to the defendant's argument. The circumstances which may give rise to a parent-child privilege, i.e., when "a minor, under arrest for a serious crime, seeks the guidance and advice of a parent in the unfriendly environs of a police precinct" *(People v Harrell,* 87 AD2d 21, 26, *affd* 59 NY2d 620, *supra)* were not present herein *(see, People v Tesh,* 124 AD2d 843, *lv denied* 69 NY2d 750; *People v Gloskey,* 105 AD2d 871; *Matter of Mark G.,* 65 AD2d 917).

Contrary to the defendant's contention, the trial court's supplemental instructions to the jury on circumstantial evidence properly conveyed the applicable legal principles *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Valdivia,* 108 AD2d 885).

Viewing the evidence in the light most favorable to the prosecution, as we must *(People v Benzinger,* 36 NY2d 29), the evidence is legally sufficient to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]) inasmuch as the "facts viewed as a whole * * * exclude 'to a moral certainty' every conclusion other than guilt" *(People v Kennedy,* 47 NY2d 196, 202, *rearg dismissed* 48 NY2d 656; *People v Benzinger, supra,* at 32). Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.