■ In the Matter of MARY J. VITTI, Respondent, v DANIEL A. VITTI, Appellant. (And Three Other Related Proceedings.) [609 NYS2d 686] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Dutchess County (Marlow, J.), entered July 31, 1992, which granted petitioner's applications, in four proceedings pursuant to Family Court Act article 8, to, *inter alia,* extend two orders of protection for a period of one year.

Petitioner and respondent were married in 1982 and have three children. The parties experienced marital difficulties and, as a result, petitioner and the children moved to New York from Florida in May 1991. It appears that the parties' relationship continued to deteriorate, and on November 7, 1991 Family Court orally issued two orders of protection: one on behalf of petitioner and one for the benefit of the parties' children. These orders prohibited, *inter alia,* any contact between respondent and his family, directed respondent to refrain from abusive and harassing conduct and, further, ordered respondent to stay at least 1,500 feet away from petitioner, the children and/or their residence. The record

indicates that written orders of protection were issued by Family Court on November 19, 1991, with copies mailed to respondent in Florida on November 26, 1991.

Thereafter, on or about January 22, 1992, petitioner brought two petitions before Family Court, one in her name and one on behalf of the children, alleging that respondent had violated the orders of protection. Specifically, petitioner alleged that respondent made a threatening phone call to her on November 12, 1991, forced his way into her apartment on or about November 17, 1991 and assaulted her,[1] and, between December 18, 1991 and the date of the petition, made over 300 harassing phone calls to petitioner's residence. A third petition was filed on March 17, 1992 alleging that respondent violated the orders of protection by continually phoning petitioner and threatening her and the children, followed by another petition on March 25, 1992. On this latter date, respondent concededly arrived at petitioner's residence and rang her doorbell. Respondent was arrested as a result of this incident, and it appears that the subsequently filed criminal complaint was transferred to Family Court and formed the basis for the March 25, 1992 petition.

Following a fact-finding hearing, at which both petitioner and respondent appeared and testified, Family Court determined that respondent had violated the orders of protection by harassing petitioner with abusive phone calls and appearing at petitioner's residence on March 25, 1992. A dispositional hearing was held and respondent was thereafter sentenced to two consecutive six-month jail terms for the violations cited in the January 22, 1992 and March 25, 1992 petitions. As to the disposition of the March 17, 1992 petition, Family Court extended the orders of protection for a period of one year from November 24, 1992, the date upon which respondent was to be released from jail, and ordered that respondent be placed on probation for that same one-year period and undergo a psychiatric evaluation. This appeal by respondent followed.

Respondent initially contends that because the written orders of protection were not filed until November 19, 1991,[2]

---

1. This incident was the subject of a separate criminal proceeding against respondent which apparently did not result in a conviction.

2. On appeal, respondent does not appear to dispute Family Court's finding that he received notice of the orders of protection by the end of November 1991.

Family Court could not properly find respondent guilty of conduct occurring prior to that date, i.e., phoning petitioner on or about November 12, 1991 and forcing his way into petitioner's apartment on or about November 17, 1991. Respondent's argument, though meritorious, misses the mark. A review of Family Court's fact-finding determination plainly reveals that respondent was only found guilty of conduct occurring after he was found to have received notice of the orders of protection, to wit, the series of harassing phone calls commencing on or about December 18, 1991 and his appearance at petitioner's residence on March 25, 1992.[3]

Respondent next contends that Family Court erred in adducing testimony regarding the alleged assault occurring on November 17, 1991 which, as noted previously, was the subject of a separate criminal proceeding (see, Family Ct Act § 812 [2] [e]).[4] Again, although we agree with respondent that the proof should have been limited to the mere fact that he entered petitioner's apartment on that date and, further, that Family Court erred in adducing testimony regarding the alleged assault, the record plainly indicates that respondent was not found guilty of any conduct occurring on November 17, 1991 and, therefore, we are unable to conclude that respondent suffered any prejudice as a result.

As to respondent's challenge to the dispositional hearing conducted by Family Court, the record indicates that respondent failed to voice any objection in this regard. Accordingly, respondent's arguments on this point, including his assertion that there is no statutory authority for such a hearing and, further, that Family Court erred in receiving testimony regarding prior bad acts and uncharged offenses, have not been preserved for appellate review (see generally, Matter of Brian

---

3. Contrary to respondent's assertion, the mere fact that the January 22, 1992 petitions alleged conduct occurring prior to the end of November 1991 does not compel dismissal of the petitions in their entirety where, as here, Family Court's determination was based solely upon the separately stated allegations concerning the series of harassing phone calls beginning in December 1991. We similarly reject respondent's claim that the March 25, 1992 petition should have been dismissed due to the apparent lack of a formal arraignment.

4. Family Court Act § 812 provides for concurrent jurisdiction between Family Court and the criminal courts until such time as the petitioner makes a valid election between the two forums. Once the petitioner selects a particular forum, he or she is barred from bringing a subsequent proceeding in an alternative forum based upon the same offense (see, Family Ct Act § 812 [2] [e]).

*QQ.,* 166 AD2d 749, 750; *see also,* Family Ct Act § 1118; CPLR 5501 [a] [3]).

Finally, we agree with respondent that the sentence imposed here was illegal. Family Court Act § 846-a provides, in relevant part, that "[i]f a respondent is brought before the court for failure to obey any lawful order issued under [Family Court Act article 8] and if, after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order, the court may * * * commit the respondent to jail for a term not to exceed six months". Petitioner has failed to point to any provision in Family Court Act article 8 that would authorize the imposition of consecutive sentences, and in our view Family Court Act § 846-a, on its face, prohibits such sentences. The record indicates, however, that respondent's period of incarceration was to end on November 24, 1992 and, therefore, there is no ameliorative action for this Court to take *(cf., People v Mathison,* 175 AD2d 966, 967 [fact that the defendant already had served his sentence rendered any challenge as to harshness or excessiveness moot]). Respondent's remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.