■ In the Matter of EMMA WALKER, Respondent, v FRED WALKER, Appellant. [619 NYS2d 224] —Order affirmed without costs. Memorandum: Respondent appeals from a single order of disposition entered on three petitions upon a finding of three separate violations of an order of protection dated January 7, 1993; that order was at least the second order of protection entered in this matter. The order of disposition imposed consecutive six-month terms of incarceration for each violation and ordered respondent to serve a previously suspended sentence for violations of a prior order of protection. The total term of incarceration imposed by the order on appeal is 27 months.

We disagree with respondent that the punishment of three

consecutive six-month terms imposed pursuant to Family Court Act § 846-a for three separate violations of the order of protection is illegal. Family Court Act § 846 authorizes the filing of a petition alleging that respondent has failed to obey a lawful order of the court. Section 846-a permits commitment of respondent to jail for a term not to exceed six months if the court is satisfied by competent proof that respondent has willfully failed to obey any such order. Respondent urges us to interpret that provision as limiting the maximum punishment for violation of an order of protection to six months no matter how many separate violations are found or how many petitions are filed (see, Matter of Vitti v Vitti, 202 AD2d 917). Were we to accept that interpretation, however, a respondent would be immune from further punishment after being sentenced to six months for a willful violation of an order of protection, unless the petitioner, upon the initial violation, obtained an amended order of protection so that any subsequent violation would be of a different enforceable order of protection. The statutory language does not compel that result, which elevates form over substance. It also significantly undermines the ability of Family Court to punish those who repeatedly commit family offenses (see, Carmille A. v David A., 162 Misc 2d 22). Thus, we conclude that consecutive sentences of up to six months each for separate violations of an order of protection are not prohibited.

We reject the contention that the evidence adduced at the hearing is insufficient to support Family Court's finding that respondent committed three separate violations. The evidence establishes by "competent proof" (Family Ct Act § 846-a) that respondent willfully committed those violations (see, Matter of Lentino v Lentino, 185 AD2d 849; Matter of Mills v Mills, 163 AD2d 847).

We also reject respondent's contention that the admission into evidence of the correspondence from respondent to the parties' children violates the purported parent-child privilege (see, People v Harrel, 59 NY2d 620, affg 87 AD2d 21; People v Edwards, 135 AD2d 556, 557, lv denied 71 NY2d 968).

All concur except Callahan and Davis, JJ., who dissent in part and vote to modify in the following Memorandum.

Callahan and Davis, JJ. (dissenting). We are constrained to dissent in part. We agree with the majority that the evidence adduced at the hearing establishes by "competent proof" (Family Ct Act § 846-a) that respondent willfully violated the order of protection that prohibited respondent from having any contact with petitioner (see, Matter of Lentino v Lentino,

185 AD2d 849; *Matter of Mills v Mills,* 163 AD2d 847). We further agree with the majority that there is no merit to the contention of respondent that the admission into evidence of the correspondence from respondent to the parties' children violates the purported parent-child privilege *(see, People v Harrel,* 59 NY2d 620, *affg* 87 AD2d 21; *People v Edwards,* 135 AD2d 556, 557, *lv denied* 71 NY2d 968).

We disagree, however, with the majority that the sentence imposed is not illegal. Family Court Act § 846-a authorizes Family Court to "commit the respondent to jail for a term not to exceed six months" upon a finding that respondent willfully failed to obey a lawful order of the court *(see, Matter of Vitti v Vitti,* 202 AD2d 917, 920). Here, Family Court revoked previously imposed suspended sentences of nine months and committed respondent for a term of 18 months (three consecutive six-month terms). There is no provision in article 8 of the Family Court Act that authorizes the imposition of consecutive sentences *(Matter of Vitti v Vitti, supra).* Therefore, we would modify the order appealed from by vacating the sentence imposed, and we would remit the matter to Family Court for sentencing in accordance with Family Court Act § 846-a. (Appeal from Order of Monroe County Family Court, Bonadio, J.—Violate Order of Protection.) Present—Pine, J. P., Balio, Fallon, Callahan and Davis, JJ.