■ In the Matter of CAMILLE ARGUINZONI, Respondent, v DAVID ARGUINZONI, Appellant. [620 NYS2d 84] —In a proceeding pursuant to Family Court Act article 8, David Arguinzoni appeals (1) from an order of the Family Court, Queens County (De Phillips, J.), dated April 6, 1994, which, after a hearing, adjudged him to be in violation of an order of protection and sentenced him to consecutive terms of imprisonment of six months, and four months, respectively, and (2), as limited by his brief, from so much of an order of the same court, dated July 26, 1994, as, upon reargument, adhered to the original determination imposing consecutive terms of imprisonment.

Ordered that the appeal from so much of the order dated April 6, 1994, as imposed consecutive terms of imprisonment, is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated July 26, 1994, made upon reargument; and it is further,

Ordered that the order dated April 6, 1994, is otherwise affirmed, without costs or disbursements; and it is further,

Ordered that the order dated July 26, 1994, is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, the provision of the order dated April 6, 1994, which imposed consecutive terms of imprisonment is deleted, and a provision is substituted therefor stating that the terms of imprisonment shall run concurrently.

Family Court Act § 846-a provides, in part, that "[i]f a [party] is brought before the court for failure to obey any lawful order issued under this article and if, after hearing, the

court is satisfied by competent proof that the [party] has willfully failed to obey any such order, the court may * * * commit the [party] to jail for a term not to exceed six months". Family Court Act § 846-a prohibits, on its face, the imposition of a sentence in excess of six months imprisonment. Accordingly, we direct that the terms of imprisonment imposed upon the appellant run concurrently *(see, Matter of Vitti v Vitti, 202 AD2d 917)*.

The appellant's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.