■ In the Matter of SAL TRENTACOSTE, Appellant, v CAROL TRENTACOSTE, Respondent. (Proceeding No. 1.) In the Matter of CAROL TRENTACOSTE, Respondent, v SAL TRENTACOSTE, Appellant. (Proceeding No. 2.) [621 NYS2d 374] —In related proceedings pursuant to Family Court Act article 6 (Proceeding No. 1) and Family Court Act article 8 (Proceeding No. 2), Sal Trentacoste appeals (1) in Proceeding No. 1 from (a) an order of the Family Court, Putnam County (Sweeny, J.), entered January

4, 1993, which dismissed his petition for visitation with his two children, and (b) an order of the same court, entered September 2, 1993, which dismissed his petition, *inter alia,* to find the respondent, Carol Trentacoste, in violation of an order of visitation dated June 18, 1993, and (2) in Proceeding No. 2 from (a) an order of the same court entered September 28, 1992, which determined that he had violated an order of protection dated December 4, 1991, and imposed an aggregate sentence of 255 days imprisonment, (b) as limited by his brief, from so much of an order of the same court entered March 26, 1993, as continued an order of protection until February 17, 1994, and (c) as limited by his brief, from so much of an order of the same court entered September 2, 1993, as determined that he had violated the March 26, 1993, order of protection and imposed an aggregate sentence of 400 days imprisonment.

Ordered that the appeal from the order entered September 28, 1992, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered January 4, 1993, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered March 26, 1993, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered September 2, 1993, pursuant to Family Court Act article 8 is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered September 2, 1993, pursuant to Family Court Act article 6 is affirmed, without costs or disbursements.

In a petition dated December 4, 1992, the appellant, Sal Trentacoste, sought increased visitation with the parties' two minor children. At the time the petition was brought, the appellant was incarcerated for violation of an order of protection. In an order entered January 4, 1993, the Family Court dismissed the petition as lacking in merit. Subsequently, by order dated June 18, 1993, the court granted the appellant's petition for increased visitation. The appeal from the order entered January 4, 1993, is therefore dismissed as academic.

By petition dated July 12, 1993, the appellant claimed that Carol Trentacoste failed to obey the June 18, 1993, order of visitation. Following a hearing in August 1993 at which the parties and the children testified, the court determined that

the appellant failed to establish that his claims had merit and dismissed the petition. We find that the court's determination is supported by the record, and, accordingly, affirm the order entered September 2, 1993, pursuant to Family Court Act article 6.

In the related proceeding pursuant to Family Court Act article 8, an order of protection was granted to Carol Trentacoste in December 1991. By order entered September 28, 1992, the court found that the appellant had violated the order on three separate occasions and imposed consecutive sentences for each violation for an aggregate of 255 days. On appeal, the appellant argues that the evidence was insufficient to support the court's finding. The appeal from the order is academic, however, as the appellant has served the period of incarceration, and there is no ameliorative action for this Court to take *(see, e.g., Matter of Vitti v Vitti,* 202 AD2d 917, 920; *cf., Matter of Zapata v Middleton,* 197 AD2d 526; *Matter of Madison County Support Collection Unit v Drennan,* 156 AD2d 883). Although the appeal is academic, we note that the Family Court erred in imposing an aggregate sentence of 255 days as Family Court Act § 846-a prohibits, on its face, the imposition of a sentence in excess of six months imprisonment for violations of the same order of protection *(see, Matter of Arguinzoni v Arguinzoni,* 210 AD2d 324; *Matter of Vitti v Vitti, supra; cf., Matter of Walker v Walker,* 209 AD2d 924).

The appellant also appeals from an order entered March 26, 1993, which extended an existing order of protection until February 17, 1994. The appeal is academic, however, as the extension provided for in the order has expired.

Finally, the appellant appeals from an order entered September 2, 1993, which found that he had violated the March 26, 1993, order of protection on numerous occasions between May and August 1993. The order was based on the evidence adduced at the hearing in August 1993 in which the children testified about the appellant's actions. The court found that the appellant had harassed and intimidated the children and failed to abide by the terms of a clearly-written visitation order which gave the children the right to change or cancel visits. The appellant was sentenced to consecutive sentences for each violation for an aggregate of 400 days imprisonment. The record indicates that the appellant's sentence was to end prior to the date this appeal was heard. Accordingly, the appeal from this order is dismissed as academic, although, as previously noted, the court erred in imposing a sentence in excess of six months *(see,* Family Ct Act § 846-a; *Matter of*

*Arguinzoni v Arguinzoni, supra).* O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.