■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CLARK, Appellant. [626 NYS2d 527] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 16, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's present contention that the admission of certain testimony was violative of the parent-child privilege is unpreserved for our review inasmuch as it was not cited as a ground for objection at trial *(see, People v Harrell,* 59 NY2d 620). In any event, we find no merit to the defendant's argument. The circumstances which may give rise to a parent-

child privilege, i.e., "when a minor, under arrest for a serious crime, seeks the guidance and advice of a parent in the unfriendly environs of a police precinct" *(People v Harrell,* 87 AD2d 21, 26, *affd* 59 NY2d 620, *supra),* were not present here *(People v Edwards,* 135 AD2d 556; *see also, People v Tesh,* 124 AD2d 843). Nor did defense counsel's failure to raise this issue at trial render his assistance ineffective *(see, e.g., People v Flores,* 84 NY2d 184; *People v Baldi,* 54 NY2d 137).

The remarks by the prosecution in summation were fair comment on the evidence or constituted legitimate responses to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396; *see also, People v Ashwal,* 39 NY2d 105).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.