## GUERRIER v. COLEMAN et al.

### RICKETTS v. MERRILL.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

1. CONTEMPT (§ 63*)—ORDER FOR PUNISHMENT—ADJUDICATION AS TO PREJUDICE.
   Under Code Civ. Proc. § 2281, providing that if, in contempt proceedings, it is determined that accused has committed the offense, and that it was calculated to or did defeat or prejudice the rights or remedies of the complaining party, final order must be made accordingly, and punishment be directed, the adjudication as to prejudice from the act complained is an essential of the order.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. § 198; Dec. Dig. § 63.*]

2. CONTEMPT (§ 75*)—AMOUNT OF FINE.
   A fine of $300 for contempt for default in payment of $200 is excessive.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. § 258; Dec. Dig. § 75.*]

3. CONTEMPT (§ 75*)—FINE—COSTS.
   It is improper to include the motion costs in a fine for contempt.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 258, 259; Dec. Dig. § 75.*]

4. CONTEMPT (§ 26*)—COLLECTION OF RENT.
   A receiver of the rents pendente lite, appointed in a mortgage foreclosure suit by order directing the tenants to pay the rent to him, is authorized to dispossess a tenant, or sue him for nonpayment of rents, as the landlord might have done; and a resort to contempt proceedings to collect the rent due on a lease is not proper.
   [Ed. Note.—For other cases, see Contempt, Dec. Dig. § 26.*]

Appeal from Special Term, New York County.

Action by Mary S. Guerrier against Angelo Coleman and others to foreclose a mortgage. William H. Ricketts, appointed in such action as receiver, instituted contempt proceedings against Victor Merrill, a tenant of the property, and from an order punishing him for contempt, said Merrill appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Harvey C. Price, for appellant.
Peter Eagan, for respondent.

SCOTT, J. This is an appeal from an order adjudging the appellant guilty of contempt and fining him the sum of $300 and $10 costs of motion, and directing that in default of payment of the fine a warrant issue for his arrest and imprisonment.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In this action to foreclose a mortgage upon real property one Ricketts was appointed receiver. of the rents and profits pendente lite; the order containing the usual clauses directing the tenants to pay rent to the receiver and forbidding them to pay it to the mortgagor. Among the tenants was the appellant, Merrill who held under a written lease dated April 5, 1909, and running for three years. Demand was made by receiver for the payment of the sum of $200, the rent for the months of June and July. Merrill refused to pay, claiming that he had paid five months' rent in advance. Summary proceedings to remove him were commenced in the Municipal Court, which were dismissed, and no appeal was taken. The receiver then instituted proceedings to punish the appellant for contempt for nonpayment of the rent. The order appealed from is the result.

There are several fatal objections to the order. In the first place, it does not contain the absolutely necessary adjudication that the tenant's failure to pay the rent was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the complaining party. Code Civ. Proc. § 2281; Obermeyer v. Adisky, 123 App. Div. 272, 107 N. Y. Supp. 949; Schweig v. Schweig, 122 App. Div. 787, 107 N. Y. Supp. 905. In the second place, the defendant is fined $300, whereas the only proof contained in the moving papers showed him to be in default for $200. In the third place, it was improper to include the motion costs in the fine.

These reasons require a reversal of the order. In resting our decision upon these grounds, we are not to be understood as intimating that a resort to contempt proceedings is the proper method to collect rent in cases like the present. The receiver claims the rent by virtue of a lease made by the owner of the property. He stands in the landlord's shoes, and has the same remedies in case of nonpayment of rent that the landlord himself would have had, but for the appointment of the receiver. This does not include the right to collect rent by contempt proceedings. The landlord might have dispossessed the tenant for nonpayment of rent, or might have sued him, and this is what the order appointing the receiver authorized him to do. A different case is presented when a person, claiming to be the lessee of the entire premises, collects rent from the subtenants in defiance of the order which forbids him to do so. In such cases, the person collecting the rent is deemed to interfere with the possession of the property by the court, and can be compelled to pay to the receiver the rents actually collected. Fletcher v. McKeon, 71 App. Div. 278, 75 N. Y. Supp. 817; Id., 74 App. Div. 231, 77 N. Y. Supp. 465; Moore v. Smith, 70 App. Div. 614, 74 N. Y. Supp. 1089. This is a very different thing from using contempt proceedings for the collection of rents due upon a lease.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.