SCHWARTZ v. SILL.

(Supreme Court, Appellate Term, First Department.   April 2, 1914.)

EXECUTION (§ 419*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—FINE.

 Under Judiciary Law (Consol. Laws, c. 30) § 773, which limits the court to the imposition of a fine of not more than $250 for a contempt, unless the misconduct constituting the contempt caused an actual loss or injury to the other party to the action, in which case a fine sufficient to indemnify the aggrieved party may be imposed, a fine of $410 cannot be imposed upon a judgment debtor because he failed to appear for examination in proceedings supplementary to execution, upon the theory that, during the 41 weeks between the date of the order for examination and the order punishing for contempt, the debtor had been receiving a weekly salary of $100, and that if it had been disclosed on his examination plaintiff might have obtained a garnishee order for 10 per cent., because the obtaining of the garnishee order was not a necessary result of the examination and the actual loss provided for by the statute must be one which flows out of the misconduct.

 [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. § 419.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

In the matter of the supplementary proceedings of Edward S. Schwartz against William Raymond Sill. Defendant appeals from an order granting plaintiff's motion for reargument on motion to punish for contempt. Order reversed and motion denied.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Katz & Sommerich, of New York City (Maxwell C. Katz and Otto C. Sommerich, both of New York City, of counsel), for appellant.

Benjamin S. Catts, of New York City (Charles Trosk, of New York City, of counsel), for respondent.

SEABURY, J. Without detailing the numerous steps which have been taken in this proceeding, it is sufficient to point out that the only question which we deem it necessary to discuss is whether the order of the court below, increasing the fine imposed upon the defendant for contempt from $50 to $410, is authorized.

On April 3, 1913, the defendant failed to appear in response to an order for examination in proceedings supplementary to execution, which had been duly served upon him. On October 3, 1913, the plaintiff obtained an order to show cause why the defendant should not be punished for contempt because of his failure to appear and submit to examination on April 3, 1913. It is now claimed that on April 3, 1913, and at all times since that date, the defendant has been in receipt of a weekly salary of $100. The court below, assuming this claim to be correct, increased the fine from $50 to $410 on the theory that if the defendant had appeared for examination on April 3, 1913, and had disclosed the fact that he was in receipt of this weekly salary, the plaintiff could then have obtained a garnishee order under section 1391 of the Code of Civil Procedure, which would have entitled the plaintiff to recover 10 per cent. of that sum each week, and that, therefore, 41 weeks having intervened, the actual loss or injury to the plaintiff from the defendant's failure to appear and submit to examination amounted to $410.

It is clear that under section 773 of the Judiciary Law (Consol. Laws, c. 30) the court is limited to the imposition of a fine of $250 for a contempt, unless the misconduct constituted such contempt as caused an actual loss or injury to the other party to the action. If such actual loss or injury has been produced, a fine sufficient to indemnify the party aggrieved must be imposed. The actual loss or injury contemplated by the statute is the damage which results from the misconduct of the person adjudged in contempt. The misconduct must be the proximate cause of the loss. It is not enough that the loss might possibly result, or even that it may probably result. The loss or injury contemplated must be such as necessarily results from the misconduct in order that the misconduct may be said to be its proximate cause. The appearance of the defendant and submission to examination would not necessarily have resulted in the creditor obtaining the garnishee order under section 1391 of the Code of Civil Procedure. If the facts were as the plaintiff claims, and if such facts had been disclosed upon the examination, the creditor might have obtained such an order or he

might not. All that can be said is that upon ascertaining the amount of the defendant's weekly salary, the creditor would have a legal right to such an order, and it may be said that he might have applied for and obtained it. The garnishee order was not, however, a necessary consequence of the appearance of the defendant and his submission to examination. It was a bare possibility. Certainly it was not a necessary consequence. The benefits that would have been obtained by the creditor, if the garnishee order had been made, cannot, therefore, it seems to me, properly be said to constitute the actual loss or injury which the creditor sustained by reason of the failure of the defendant to appear and submit to examination. Moreover, it does not appear that the plaintiff could not have obtained a garnishee order even if the defendant had not been examined in supplementary proceedings. It was open to the plaintiff to obtain an order for the examination of the employer of the defendant to ascertain the amount of the salary which the defendant was receiving. No such application appears to have been made.

The statutes rendering one punishable for contempt are not to be amplified by construction, and I think it is reasonable to hold that the words "actual loss or injury" as used in the statute were intended to refer to such loss or injury as was the proximate or necessary result of the misconduct complained of by the party feeling himself aggrieved. A different interpretation would render one liable in contempt proceedings for speculative or remote losses which might or might not flow from such misconduct. The connection between the misconduct of the defendant in failing to appear for examination and the loss which the creditor claims to have sustained is entirely uncertain. The actual loss or injury which the statute contemplates is that which necessarily follows the misconduct of the debtor, and not such as would follow if the court assumes that the creditor would have taken action different from that which he did take.

If these views are correct, it follows that the order of the learned Special Term, increasing the fine from $50 to $410, should be reversed, with $10 costs and disbursements, and the motion denied, leaving the original decision which imposed a fine of $50 upon the defendant in full force and effect.

LEHMAN, J., concurs. BIJUR, J., concurs in result.