Matter of the Supplementary Proceedings of M̲o̲r̲r̲i̲s̲ G̲u̲m̲p̲e̲l̲ et al., Judgment-Creditors, Appellants, *v.* I̲r̲v̲i̲n̲g̲ G̲u̲r̲v̲i̲t̲c̲h̲, Judgment-Debtor, Respondent. ·

(Supreme Court, Appellate Term, First Department, February, 1918.)

Contempt — who adjudged guilty of — supplementary proceedings — evidence — default — City Court of New York — jurisdiction — fines — costs — Judiciary Law, § 770.

An order of the City Court of New York, adjudging a judgment debtor guilty of contempt for wilful violation and disobedience of an order of one of the justices of said court by refusing to sign or swear to his testimony in supplementary proceedings, further adjudicated that said failure to so sign and swear was calculated to and did impair, hinder, impede and delay the rights and remedies of the judgment creditors instituting the proceeding. The order imposed a fine of $371.78 for the judgment debtor's contempt, to be paid in monthly installments of $50, together with $30 costs, and directed that upon his default in payment he be arrested by the sheriff and committed to the county jail. Upon such default a further order was procured similar in form to the prior one, which directed. that a warrant issue for its execution, which warrant addressed

to the sheriff of the county was issued on the same day and the judgment debtor committed to jail.  On reversal of an order granting a motion to vacate the commitment order, *held,* that while the order adjudging the judgment debtor in contempt was erroneous in imposing an excessive fine neither said order nor the commitment order thereafter granted was void.

That the judgment debtor was adjudged guilty of contempt not because of the nonpayment of the fine but because he refused to sign and swear to his testimony; and that the copy of the contempt order that was served on him was not certified in no way affected the jurisdiction of the court to issue the commitment.

That while neither the indefiniteness or uncertainty of the contempt order nor the fact that costs were awarded as part of the fine invalidated said order or the commitment issued thereunder to the sheriff a motion could have been properly made to modify the order so as to conform to section 770 of the Judiciary Law.

APPEAL by judgment-creditors from order of the City Court of the city of New York, discharging the judgment-debtor from the custody of the sheriff of the county of New York.

Max Shlivek, for appellants.

Harold S. Fleischer, for respondent.

GUY, J.    By an order of the City Court dated August 27, 1917, the judgment-debtor in this supplementary proceeding was adjudged guilty of contempt of court "in having wilfully violated and disobeyed the order of Hon. Samuel Strasbourger, justice of the City Court of the city of New York, by refusing to sign or swear to his examination in the within proceeding concerning his property," said order further adjudicating "that the said failure to sign and swear to his examination in the within proceeding was calculated to and did impair, hinder, impede and delay the rights

Appellate Term, First Department, February, 1918.    [Vol. 102.

and remedies of the plaintiffs, judgment-creditors herein.'' The order imposed a fine of $371.78 upon the debtor for his contempt, the fine to be paid in monthly installments of $50, together with $30 costs, and directed that upon the debtor's default in payment he be arrested by the sheriff and committed to the county jail.

Upon proof of service of the order upon the debtor and his attorney and of demand upon the debtor for the payment of an installment of the fine, and his default in payment, the creditors procured another order, dated September 10, 1917, similar in form to the prior order, and further directing that a warrant issue for its execution, which warrant, addressed to the sheriff of New York county for the commitment of the debtor, was issued on the same day. Pursuant to the commitment the debtor was imprisoned in the county jail.

Thereupon the debtor's attorney moved that the order dated September tenth, referred to as the commitment order as distinguished from the contempt order of August twenty-seventh, be vacated and set aside and declared null and void for the reasons (1) that no certified copy of the contempt order was ever served upon the debtor; (2) that the contempt order was indefinite and uncertain, and (3) that the contempt order made the motion costs part of the fine and was therefore void. The justice at Special Term granted the motion on the ground, as appears by his order, ''that the sheriff of the county of New York was without authority to arrest and imprison the said Irving Gurvitch under said warrant and the commitment papers.''

While the order adjudging the debtor in contempt was doubtless erroneous in imposing an excessive fine (*Socialistic Co-op. P. Assn.* v. *Kuhn,* 164 N. Y. 473;

*Matter of Schwartz* v. *Sill,* 85 Misc. Rep. 55; *Guerrier* v. *Coleman,* 135 App. Div. 46), neither such order nor the so-called commitment order of September tenth was void. The debtor was adjudged guilty of contempt, not because of nonpayment of the fine, but because he refused to sign and swear to his testimony, and the fact that the copy of the contempt order which was served upon him was not certified in no way affected the jurisdiction of the court to issue the commitment. The Judiciary Law (§ 770) provides that if it is determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede or prejudice the rights of the party, the court, judge or referee ''must make a final order accordingly, and directing that he be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of commitment must issue accordingly.''

Neither the indefiniteness or uncertainty of the order nor the fact that costs were awarded as part of the fine invalidated the order or the commitment issued thereunder to the sheriff; but a proper motion could have been made to modify the order so as to conform to the provisions of the Judiciary Law.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

WEEKS and MULLAN, JJ., concur.

Order reversed, with costs and disbursements.