■ YACHT SHARES, LTD., Respondent-Appellant, v KNUTSON'S MARINA, INC., et al., Appellants-Respondents, and ROB-

ERT M. STEIN, Respondent, et al., Defendants.—In a proceeding to prosecute for criminal contempt pursuant to Judiciary Law § 750, Knutson's Marina, Inc., and Thomas Knutson appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 12, 1983 as found them guilty of civil contempt and directed that they pay certain fines and counsel fees, and from an order of the same court dated February 1, 1984, which denied their motion for reargument, and Yacht Shares, Ltd., cross-appeals from so much of the order dated December 12, 1983, as denied that branch of its application which was to hold Robert M. Stein guilty of criminal contempt.

Order dated December 12, 1983 modified, on the law, by deleting the first three decretal paragraphs and substituting therefor a provision denying in its entirety the application to punish appellants-respondents and Stein. As so modified, order affirmed.

Appeal from the order dated February 1, 1984 dismissed. No appeal lies from the denial of a motion for reargument (see, e.g., Matter of Andgar Assoc. v Board of Zoning Appeals, 30 AD2d 672).

Appellants-respondents and Stein are awarded one bill of costs.

By order to show cause dated May 16, 1983, appellants-respondents and Stein were notified to appear and defend accusations of criminal contempt in the deliberate disobedience of a temporary restraining order issued three days earlier. During the hearing on that application, respondent-appellant moved to convert the application to one for civil contempt. The court reserved decisions and apparently first gave notice that it had granted the motion to convert the application to one for civil contempt in its decision handed down after the close of the hearing. This was error, as appellants-respondents were entitled to know which course was being followed or, if both criminal and civil contempt were charged, that they must defend against both charges (see, e.g., Matter of Drimmer, 97 AD2d 792, 793).

Nonetheless, the record reveals that respondent-appellant's evidence failed to sufficiently meet even the lower standard and burden of proof to establish civil contempt (see, e.g., Matter of McCormick v Axelrod, 59 NY2d 574, 582-583; N.A. Dev. Co. v Jones, 99 AD2d 238). Consequently, the order dated December 12, 1983 must be modified by deleting those provisions which found appellants-respondents guilty of civil con-

tempt, and by denying respondent-appellant's application in its entirety. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.