■ ROBERT STERN, Appellant, v BSL DEVELOPMENT CORP. et al., Respondents.—Order and judgment of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered October 11, 1988 and January 3, 1989, respectively, granting defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff seeks a declaration that he is a shareholder of BSL Development Corporation and a direction that BSL distribute certain funds in accordance with the percentage of stock owned by each shareholder. BSL was incorporated on April 24, 1981 by defendant Labozzetta, an attorney, for the purpose of acquiring and developing real property. Plaintiff does not deny that, on May 29, 1981, he entered Labozzetta's office without permission, removed the BSL corporate kit and issued to himself two stock certificates purportedly representing 500 shares in BSL. Plaintiff issues the certificates to himself as president and secretary, contrary to the prohibition of Business Corporation Law § 715 (e), and he offers no explanation of the circumstances under which the certificates were supposedly issued. On June 11, 1981, Labozzetta wrote to plaintiff, objecting to the removal of the corporate kit and demanding its return. Plaintiff never replied, but rather brought the underlying action on March 17, 1988, seeking a declaration that he is a shareholder and a distribution of BSL property.

We agree with the Supreme Court that plaintiff's claim is barred by the six-year Statute of Limitations for "an action for which no limitation is specifically prescribed by law" (CPLR 213 [1]). Plaintiff's claim is most closely analogous to a contract cause of action which would have expired no later than June 11, 1987 *(Solnick v Whalen,* 49 NY2d 224, 230). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.