■ LOCAL 381 PENSION FUND, Appellant, v CHEMICAL BANK et al., Respondents. [635 NYS2d 242] —In an action to recover damages, *inter alia,* for breach of contract and breach of fiduciary duty arising from the delay in the redemption of 30,000 stock shares of the defendant Kraft General Foods, Inc., the plaintiff appeals from the order of the Supreme Court, Nassau County (Roncallo, J.), dated March 21, 1994, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to serve an amended complaint and to compel further discovery.

Ordered that the order is affirmed, with costs.

The plaintiff originally owned 15,000 shares of stock of the defendant Kraft General Foods, Inc. (hereinafter Kraft). In 1985, Kraft split its issued shares three-for-one, whereby the plaintiff became the owner of 45,000 shares of Kraft.

Certificate number MH 124684 was issued to the plaintiff for its 30,000 additional shares. The defendants claim the certificate was mailed to the plaintiff in 1985. The plaintiff asserts

that it never received the stock certificate, nor was it notified of the stock split. However, its dividend checks dating from September 10, 1985, stated on their face that the dividends were being paid on the 45,000 shares of common stock.

In 1988, Philip Morris Companies, Inc. (hereinafter Philip Morris) and Kraft negotiated a merger agreement which provided that the remaining public shares of Kraft would be canceled and shareholders would be entitled to receive $106 per share from Philip Morris, without interest, upon surrender of their stock certificates. The merger became effective on December 7, 1988, and as a result, the plaintiff's stock was canceled and converted into the right to receive $106 per share, contingent upon surrender of its stock certificates. According to the defendants, on or about December 8, 1988, a notice of merger and information circular were mailed to all shareholders of record of Kraft describing the merger and enclosing a Letter of Transmittal for surrender of their stock certificates. The plaintiff claims it never received them.

In September 1990, the plaintiff surrendered its original 15,000 shares of Kraft, together with an executed Letter of Transmittal, and received $1,590,000 ($106 per share without interest) in about three weeks.

In 1992, the plaintiff informed the defendants that it did not have the stock certificate for 30,000 shares and had never received this certificate. Upon delivering, *inter alia,* a Lost Original Instruments Affidavit and Agreement with respect to the certificate evidencing its 30,000 shares, together with an indemnity bond, the plaintiff received a check for $3,180,000 ($106 per share without interest).

In 1993, the plaintiff brought this action seeking monetary damages based on several causes of action arising from the alleged failure of the defendants to transfer to the plaintiff the proceeds from the redemption of the 30,000 shares of its stock in a timely manner. The order appealed from granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the complaint and for further disclosure.

The genesis of the plaintiff's problems is its alleged failure to receive Certificate number MH 124684 for 30,000 additional shares of Kraft in 1985. The plaintiff had notice that it owned 30,000 additional shares since dividend checks dating from September 10, 1985, reflected that the plaintiff owned 45,000 shares. Since the instant action was commenced in 1993, any causes of action arising from a failure to properly transmit that stock certificate, whether sounding in breach of contract or negligence, are time-barred *(see,* CPLR 213, 214).

Upon submission of satisfactory proof that that stock certificate for 30,000 shares was lost and submission of an indemnity bond, the defendants promptly redeemed the 30,000 shares. Pursuant to the merger agreement between Kraft and Philip Morris, the plaintiff was not entitled to redemption proceeds until it surrended its shares and was not entitled to interest upon the redemption proceeds. Further, the defendants had the right to demand that the plaintiff post an indemnity bond "against any claim that [might] be made against [them] on account of the alleged loss" of the stock certificate for 30,000 shares (Business Corporation Law § 508 [e]).

The plaintiff also claims that the defendant transfer agent violated provisions of its disbursing agreement with Kraft by failing to notify the plaintiff of the merger in 1988 and claims damages for that breach as a third-party beneficiary. However, we find that the plaintiff was, at most, merely an incidental beneficiary with respect to those contractual provisions *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44-45).

Accordingly, the plaintiff has no viable cause of action against the defendants or Kraft's successor Philip Morris.

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.