■ YVONNE McCAIN et al., Respondents, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Appellants, et al., Defendant. In the Matter of MARIA LAMBOY et al., Respondents, v MARVA L. HAMMONS et al., Appellants, et al., Defendant. KAREN SLADE et al., Respondents, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Appellants, et al., Defendant. [653 NYS2d 556] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about October 30, 1995, which, to the extent appealed from, granted plaintiffs/petitioners' motion and directed the municipal defendants to cease housing certain homeless families in a barracks-style setting at the municipal defendants' Emergency Assistance Unit ("EAU") offices; order, same court and Justice, entered May 1, 1996, which, insofar as appealed from as limited by the brief, enjoined the municipal defendants from keeping certain homeless families at EAU offices more than 24 hours while determining eligibility for temporary shelter, enjoined the municipal defendants from requiring certain homeless families to obtain referrals from the Department of Homeless Services ("DHS") Hotline after 5:00 P.M., before permitting families to enter and apply for shelter at EAU offices, and directed the municipal defendants to cease denying shelter or EAU entry to certain homeless families through the use of the DHS Hotline; and order, same court and Justice, entered May 29, 1996, which, in each of the three actions, after a hearing, held defendant City of New York and its agencies, defendants Human Resources Administration and Department of Homeless Services, in civil contempt, unanimously affirmed, without costs.

The prior orders prohibiting overnight stays by homeless families in EAUs without placement (see, McCain v Dinkins, 192 AD2d 217, 218-219, mod on other grounds 84 NY2d 216) were direct, valid orders, and the municipal defendants were required to obey them (see, Seril v Belnord Tenants Assn., 139 AD2d 401), regardless of any good-faith belief as to their inva-

lidity (*see, Sigmoil Resources v Fabbri*, 228 AD2d 335). Given this Court's ruling that overnight EAU stays are "intolerable" (*McCain v Dinkins, supra*, 192 AD2d, at 218) and that of the Court of Appeals that such "are not permissible" (*supra*, 84 NY2d, at 227), the IAS Court was not obliged to defer to a determination by the State defendant that stays in EAUs of up to 48 hours are acceptable. The evidence supports the IAS Court's conclusion that the malfunctions and limitations of the DHS Hotline prevent it from serving any valid objective. We have considered appellants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.