■ NEW YORK CITY COALITION TO END LEAD POISONING et al., Respondents, and HELEN WALKER et al., Intervenors-Respondents, v RUDOLPH GIULIANI, as Mayor of the City of New York, et al., Appellants, et al., Defendants. [669 NYS2d 552] —Order, Supreme Court, New York County (Louis York, J.), entered August 1, 1997, which, upon plaintiffs' motion, adjudged the municipal defendants in contempt of an order of the same court dated March 30, 1994, imposed a fine of $250 with $100 costs, and directed that the municipal defendants pay to intervening plaintiff Helen Walker an amount representing her periodic rent, with related relief; and order, same court and Justice, entered August 1, 1997, which, upon plaintiffs' motion, (1) ordered that the municipal defendants provide for safety procedures in any multiple dwelling where a child under seven years old resides, if the surface coating is or, by operation of law, is presumed to be lead paint as defined by the laws or regulations of New York City, regardless of whether a City agency has issued a violation for the lead paint condition; (2) enjoined the municipal defendants from further implementation of amendments to 24 RCNY 173.13 (d) (2), adopted September 24, 1996, which limit the Department of Health's mandatory inspection for lead paint and enforcement of lead paint abatement to only peeling paint and window friction surfaces, and enjoined the same defendants from further implementing amendments to 24 RCNY 173.14 (b) (16) (aa) changing the definition of lead paint from 0.7 milligram of lead per square centimeter or greater, declaring all such provisions void; (3) ordered amendments to 24 RCNY 173.13 and 173.14 consistent with the court's order; (4) imposed a fine on the municipal defendants for civil contempt in an amount equal to the monthly rent of each original or intervening plaintiff other than intervening plaintiff Helen Walker; (5) directed a compliance hearing; and (6) awarded plaintiffs attorneys' fees, unanimously affirmed, without costs.

The motion court's order of March 30, 1994 was not stayed when the municipal defendants appealed from an order of the same court entered on May 1, 1996. The appeal gave the mu-

nicipal defendants an automatic stay only of the order appealed (*cf., Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth.*, 79 AD2d 516). And, as the municipal defendants chose to withdraw their appeal from the motion court's 1994 order, which was valid on its face, that order was to be "obeyed even if erroneously made" (*Matter of Bickwid v Deutsch*, 229 AD2d 533, 534-535, *lv denied* 89 NY2d 802).

As for the order concerning the Health Code amendments, it is law of the case that Health Code article 173, was to be upheld and enforced by the municipal defendants in its previous form (*see, New York City Coalition to End Lead Poisoning v Koch*, 138 Misc 2d 188, 190-194, *affd* 139 AD2d 404), and that the municipal defendants may not avoid that obligation by amending the relevant Code. The court is not obliged to defer to an agency determination contrary to its prior orders (*see, McCain v Giuliani*, 236 AD2d 256, *lv denied* App Div, 1st Dept, Apr. 17, 1997, 1997 NY App Div LEXIS 4993), and the "subjective good faith" of defendant Department of Health or its attempt "to fashion its own remedy" is no defense on the civil contempt motion (*Peters v Sage Group Assocs.*, 238 AD2d 123).

We have considered the municipal defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Tom, JJ.