■ Yvonne McCain et al., Appellants, v Rudolph W. Giuliani, as Mayor of the City of New York, et al., Respondents. In the Matter of Maria Lamboy, Appellants, v Marva L. Hammons, as Human Resources Administrator of the City of New York, et al., Respondents. Karen Slade et al., Appellants, v Rudolph W. Giuliani, as Mayor of the City of New York, et al., Respondents. [676 NYS2d 151] —Orders, Supreme Court, New York County (Helen Freedman, J.), entered May 7, 1997, May 16, 1997, May 28, 1997, and March 23, 1998, which, *inter alia*, vacated a prior order temporarily enjoining respondents' enforcement of 18 NYCRR 352.35, declared that regulation to be a lawful exercise of respondent State Department of Social Services's rulemaking power, and which, upon the grant of plaintiffs' motions for reargument, adhered to the court's original determinations, unanimously affirmed, without costs.

In 1996, the New York State Department of Social Services (State DSS) promulgated 18 NYCRR 352.35, establishing for the first time eligibility requirements and standards for the provision of temporary shelter and other assistance. The regulation mandated, *inter alia*, that applicants for temporary shelter cooperate with the agency's assessment of their needs and with the development of an independent living plan. The regulation further provided that applicants who failed to cooperate with and complete the needs assessment would have their applications denied (18 NYCRR 352.35 [c] [1]). Similarly, unreasonable failure by a recipient on two or more occasions to comply with the agency's independent living plan would result in discontinuance of temporary housing "until the failure ceases, or for 30 days, whichever period of time is longer" (18 NYCRR 352.35 [c] [2]).

Contrary to plaintiffs' contentions, the promulgation of 18 NYCRR 352.35, conditioning an applicant's entitlement to temporary housing benefits upon the applicant's satisfaction of

the above-described requirements, was a proper exercise of State DSS's rulemaking authority pursuant to Social Services Law § 20 (3) (d) and § 34 (3) (f). Those requirements are rationally related to the agency's legitimate rulemaking objective of assuring that temporary housing resources are not squandered on those having no real need of them and to the related, equally legitimate objective of attempting to reduce prospective reliance upon temporary housing provided at public expense. We note that the regulation's sanction is to be invoked only when an individual makes no attempt to comply with the regulation's requirements, not for an inability to comply with those requirements, and that, pursuant to the regulation, aid is to continue pending a fair hearing determination, even after an individual's receipt of a termination notice, so long as he or she asks for a fair hearing.

While imposition of the regulatory sanction may in some cases entail harsh consequences, we are presently determining only the regulation's facial validity, and in that context it is appropriate to observe that "it is not the function of [the] court to sit in review of legislative policy and the rationally based implementation thereof by an administrative agency, so long as no constitutional or statutory mandate is violated" (*Matter of Barie v Lavine*, 40 NY2d 565, 569; *see also, Matter of Rodriguez v Perales*, 86 NY2d 361, 367; *Goodwin v Perales*, 88 NY2d 383). Since the regulation does not on its face permit the arbitrary, outright denial of temporary shelter, the regulation does not violate article XVII (§ 1) of the New York State Constitution or our prior rulings in *McCain v Koch* (117 AD2d 198, *revd in part* 70 NY2d 109), *McCain v Dinkins* (192 AD2d 217, *mod* 84 NY2d 216), *Cosentino v Perales* (153 AD2d 812, *lv dismissed* 75 NY2d 808), and *McCain v Giuliani* (236 AD2d 256).

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.