■ VASTWIN INVESTMENTS, LTD., Respondent, v AQUARIUS MEDIA CORPORATION, Appellant. TERRY LEVENE, Nonparty Appellant. [743 NYS2d 492] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about May 6, 1998, which granted petitioner's motion to find respondent in contempt and referred the matter for a hearing on damages and other remedies, unanimously modified, on the law, to include the express finding that respondent's actions were calculated to impede petitioner's rights and remedies, and otherwise affirmed, without costs. Order, same court (Harold Tompkins, J.), entered April 10, 1998, which granted petitioner's motion to expand the scope of the reference to include the issue of whether nonparty Terry Levene should be held in contempt individually, unanimously affirmed, without costs. Order and judgment (one paper), same court (Harold Tompkins, J.), entered August 2, 1999, which, inter alia, granted petitioner's motion to hold respondent and Levene in contempt and awarded petitioner $342,079.44 in damages and $50,338.50 in costs and legal fees, unanimously modified, on the law, to the extent of extending respondent's and Levene's opportunity to purge their contempts pursuant to the judgment to within 30 days of service of a copy of this order with notice of entry, and otherwise affirmed, without costs.

With regard to the initial contempt order, in opposition to petitioner's detailed statement regarding specific documents that were necessary to perform the court-ordered accounting,

the affidavit of respondent's accountant set forth mere conclusions that failed to raise an issue of fact warranting a hearing (*see, Sexter v Kimmelman, Sexter, Warmflash & Leitner*, 277 AD2d 186, 187). The absence of the required recital pursuant to Judiciary Law § 770 was, under the circumstances obtaining where the grounds for the necessary recital were plainly set forth on the record, a mere irregularity and we, accordingly, modify only to include the required language in the order (*see, Peters v Sage Group Assoc.*, 238 AD2d 123, 124; *Hasegawa v Hasegawa*, 281 AD2d 594; *compare, Clinton Corner H.D.F.C. v Lavergne*, 279 AD2d 339).

The findings of the Special Referee are substantially supported by the record (*see, Grant v Heit*, 263 AD2d 388, 389, *lv dismissed* 93 NY2d 1040) and there is no basis to disturb his credibility determinations. The award of damages is based on competent evidence, our review of the record disclosing that appellant's claimed hearsay objection was nothing more than a misarticulated objection as to foundation, and that to the extent that a foundation was missing for the admission of certain evidence, the deficiency was remedied. Nonparty Levene was properly found individually liable based upon his undisputed knowledge of the 1996 judgment and the subsequent court orders and his active participation in assisting the corporate respondent in evading them (*see, Citibank v Anthony Lincoln-Mercury*, 86 AD2d 828; *see also, Guillot v Australia & New Zealand Banking Group*, 270 AD2d 73). In light of a sufficient factual predicate, and corresponding finding, for holding Levene liable on this basis, it is irrelevant that the Special Referee recommended holding Levene liable on an alter ego theory despite petitioner's stipulation that it would not seek to pierce respondent's corporate veil.

Attorneys' fees were properly awarded in view of the Referee's express finding that actual damages were not calculable for certain of respondent's contumacious acts (*see, 317 W. 87 Assoc. v Dannenberg*, 170 AD2d 250).

We modify the order and judgment solely to the extent of providing respondent and Levene with a further opportunity to purge their contempts, as indicated, since the order/judgment was apparently served too late to afford respondent such an opportunity.

We have considered respondent's and Levene's other contentions and find them unavailing. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.