■ In the Matter of Bella Benishai, Respondent, v Ilan Properties, Inc., et al., Appellants. [760 NYS2d 2] —Order, Supreme Court, New York County (William Wetzel, J.), entered August 2, 2000, which denied respondents' motion to dismiss the petition, unanimously affirmed, and order, same court and Justice, entered June 13, 2002, which, inter alia, granted petitioner's motion to confirm the report of the Special Referee, and granted the petition, unanimously modified, on the law and the facts, solely to the extent of clarifying that the relief granted is for an inspection of respondent corporation's books and records pursuant to Business Corporation Law § 624, and otherwise affirmed, all with one bill of costs against appellants.

There is no reason to disturb the finding of the Special Referee that petitioner had not transferred her interest in respondent corporation since that finding, based largely on determinations of credibility, was substantially supported by the record. While containing no documentary evidence of any transfer of petitioner's interest, the record includes documents postdating the alleged transfer, indicating that petitioner was still a shareholder (see *Vastwin Invs. v Aquarius Media Corp.*, 295 AD2d 216, 217 [2002]).

Respondents' contention that the proceeding was time-barred is without merit, since, contrary to the references by both the court and the parties, the petition clearly sought an inspection of corporate books and records, rather than an accounting, and petitioner's written demand for such inspection was made only months before her commencement of this proceeding.

Although it is therefore unnecessary to address respondents' limitations argument based on the contractual period, we note that petitioner's request is not analogous to those in which shareholders seek to vindicate their status as such in order to obtain purely contractual relief (compare *Stern v BSL Dev. Corp.*, 163 AD2d 35 [1990]; *Local 381 Pension Fund v Chemical Bank*, 222 AD2d 415 [1995], *lv dismissed in part and denied in part* 88 NY2d 830 [1996]).

The claimed evidentiary errors at the referee hearing were not advanced before the motion court in opposing confirmation of the report, and we decline to reach them at this juncture.

We have considered respondents-appellants' other contentions and find them unavailing. Concur—Buckley, P.J., Tom, Rosenberger, Lerner and Marlow, JJ.