■ HERO BOY, INC., Changed by Amendment to MANGANARO'S HERO BOY, INCORPORATED, Respondent, v SALVATORE J. DELL'ORTO et al., Appellants. HERO BOY, INC., Changed by

Amendment to MANGANARO'S HERO BOY, INCORPORATED, Respondent-Appellant, v SALVATORE J. DELL'ORTO et al., Appellants-Respondents. [761 NYS2d 648] —Order and amended order, Supreme Court, New York County (Barbara Kapnick, J.), entered January 4, 2000, which, in a contempt proceeding involving an injunction against defendants' use of the name "Manganaro" in selling party-size hero sandwiches, confirmed the reports of the Special Referee dated March 27, 1997 and September 1, 1998 and directed entry of a judgment holding defendants in civil contempt, and order, same court and Justice, entered August 29, 2002, which confirmed the report of the Special Referee dated January 30, 2001 and directed entry of judgment in plaintiff's favor in the amount of $422,240 without interest, and judgment, same court and Justice, entered September 4, 2002, which awarded plaintiff $422,240 without interest, unanimously modified, on the law and the facts, to reduce the amount awarded to $213,383.24 with interest to be calculated in further proceedings, and to include an express finding that defendants' actions were calculated to and did defeat, impair, impede, or prejudice plaintiff's rights, and otherwise affirmed, without costs.

Defendants were properly held in civil contempt for violating the judgment and order dated November 15, 1989 and January 30, 1990 (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). If defendants believed that the injunction was ambiguous, they should have moved for clarification (*see Allan Dampf, P.C. v Bloom*, 122 AD2d 185, 186 [1986]). In any event, we find that the injunction was clear and that it was not limited to the Yellow Pages.

The individual defendant was properly held in contempt based on evidence that he individually disobeyed the injunction, e.g., by discussing the sale of party-size hero sandwiches on a telephone line listed under the Manganaro name (*see Vastwin Invs. v Aquarius Media Corp.*, 295 AD2d 216 [2002], *lv dismissed* 99 NY2d 637 [2003]).

While defendants were entitled to know before the IAS court rendered its decision whether they were being charged with criminal or civil contempt (*see Yacht Shares v Knutson's Mar.*, 112 AD2d 419, 420 [1985]), this procedural flaw does not require reversal because the standard for civil contempt was met (*compare id.*).

The order holding defendants in contempt is technically defective because it does not recite that defendants' actions were calculated to or actually did defeat, impair, impede, or prejudice plaintiff's rights or remedies. We modify to correct this technical flaw (*see Vastwin*, 295 AD2d at 217).

Plaintiff's motion to hold defendants in contempt was not barred by waiver, estoppel, abandonment (*see Werking v Amity Estates*, 2 NY2d 43, 52, 53 [1956], *appeal dismissed and cert denied* 353 US 933 [1957]; *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 386 n 8 [1983]) or laches (*see Thurmond v Thurmond*, 155 AD2d 527, 529 [1989]). However, laches is applicable to the question of damages.

Prior to the damages hearing before the Special Referee, the parties agreed that plaintiff's "actual loss or injury" under Judiciary Law § 773 would be measured by defendants' profits from the sale of party-size hero sandwiches. (Thus, defendants waived their current argument that their profits are not the same as plaintiff's actual loss or injury.) However, plaintiff did not move to hold defendants in contempt until 1996, even though it knew as early as 1990 that defendants were violating the injunction. By the time of the damages hearing, some records relating to the corporate defendant's profits for the years 1990-1993 had been destroyed. While a larger, more sophisticated business might be expected to keep its records for six years, we note that plaintiff, a business similar to defendants' business, keeps records pertaining to the sale of hero sandwiches for only one year. Because loss of evidence resulting from delay constitutes prejudice (*see Thurmond*, 155 AD2d at 529), we apply laches to award damages only for the period for which complete records are available, viz., 1994-1996. Using the same methodology as the Special Referee, we calculate defendants' profit for these years to be $223,318.

This reduction of damages is also warranted by the "well-established rule * * * that one who is injured by the wrongful act or omission of another is required to exercise reasonable efforts to avoid, minimize, or lessen the resulting injury, and will be denied recovery for any loss or injury chargeable to his failure to do so." (36 NY Jur 2d, Damages § 21; *see also Hardwood Dimension & Mouldings v Consolidated Edison Co.*, 77 AD2d 644, 645 [1980], *appeal dismissed* 51 NY2d 1008 [1980].)

The sale of accompaniments such as beverages and cole slaw should have been excluded from damages because the injunction does not prohibit such sales, and it cannot be said that a person who purchased a hero sandwich from defendants would necessarily have purchased accompaniments as well (*see Matter of Schwartz v Sill*, 85 Misc 55, 57 [1914]; 21 NY Jur 2d, Contempt § 171). Using the figures attached to defendants' posthearing brief, which plaintiff did not dispute in its reply posthearing brief, we calculate the corporate defendant's profits from the sale of side orders and beverages for the years 1994-

1996 to be $9,934.76. Subtracting that figure from the previously calculated damages figure of $223,318 results in an award of $213,383.24.

It is true that the injunction did not prohibit the sale of heros that were consumed at the corporate defendant's premises. However, neither party submitted evidence as to the number or percentage of heros that are consumed on the premises. Because it would be a small number, and because we have already made equitable reductions in the damages awarded by the IAS court, we do not make any further reduction on account of heros consumed on the premises.

That the amount of damages is not exact does not mean that they are impermissibly speculative (*see Lamborn v Dittmer*, 873 F2d 522, 532-533 [1989]).

We have considered defendants' remaining arguments and find them unavailing.

The IAS court should have awarded interest (*see* CPLR 5001 [a]), and, accordingly, we remand the matter for such purpose. Concur—Andrias, J.P., Sullivan, Ellerin, Williams and Lerner, JJ.