In the Matter of BELLA BENISHAI, Respondent-Appellant.
ILAN PROPERTIES INC. et al., Appellants-Respondents. [785 NYS2d
439]—

Order, Supreme Court, New York County (William A. Wetzel,
J.), entered October 10, 2003, which, in a proceeding for inspec-
tion of books and records against a corporation and its presi-
dent, insofar as appealed from, granted petitioner's motion for
summary judgment dismissing respondents' counterclaims seek-
ing to recover loans made by the corporation to petitioner, and
denied without prejudice petitioner's application to hold the in-
dividual respondent and his attorney in contempt, unanimously
modified, on the law and the facts, to deny the motion for sum-
mary judgment dismissing respondents' counterclaims, and
otherwise affirmed, without costs. Appeal from order, same court
and Justice, entered May 12, 2004, which denied respondents'
motion to renew the order dismissing their counterclaims,
unanimously dismissed, without costs, as academic.

Issues of fact exist as to whether petitioner is personally
indebted to respondent corporation. On the one hand, as the
motion court stated, corporate documents that ought to reflect
the alleged loans, such as its tax returns, mortgage and bank-
ruptcy filings, do not. Indeed, the individual respondent himself
acknowledged, in previous hearing testimony (see 303 AD2d 226
[2003]), that he was not aware of any documents evidencing the
loans. Nevertheless, it is not true, as the motion court found,
that there are no such documents. The dispute is between fam-
ily members over the management of a family corporation
founded by petitioner's husband and the individual respondent's
father, and involves the effect of an agreement, and an ad-
dendum thereto, signed by petitioner individually and as
administrator of her husband's estate. The main agreement
requires petitioner to pay one of her children a sum of money
drawn from the corporation's bank account in her capacity as
administrator. However, the addendum does not refer to that
role in requiring petitioner's payment of money to another child,
raising an issue of fact as to whether the payment called for
therein was to be made by petitioner individually, and, in turn,
whether payments to that child by the corporation were made
on petitioner's behalf. In addition, the corporation's general
ledgers and balance sheets attached to petitioner's own motion
papers contain entries of a loan due the corporation from

petitioner in the amount of $1,163,950, close to the counterclaim figure of $1.15 million. It is not clear whether the loan referred to in these documents and the loans alleged in respondents' counterclaims are one and the same.

In view of the foregoing, the appeal from the order denying respondents' motion to renew is dismissed as academic.

Petitioner's contempt application was properly denied without prejudice, since the individual respondent's allegedly contemptuous issuance of corporate checks was done before the order appointing a receiver had gone into effect. Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.