Spin Capital, LLC v Golden Foothill Ins. Servs., LLC (2025 NY Slip Op 03780)

Spin Capital, LLC v Golden Foothill Ins. Servs., LLC

2025 NY Slip Op 03780

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 650582/22|Appeal No. 4609-4610-4610A|Case No. 2024-03348, 2024-07473|

[*1]Spin Capital, LLC, Plaintiff-Respondent,
v
Golden Foothill Insurance Services, LLC, et al., Defendants-Appellants, Zurich American Life Insurance Co., et al., Defendants. Fred Stevens, Nonparty Receiver-Respondent.

White & Williams LLP, New York (Shane R. Heskin of counsel), for appellants.
Amini LLC, New York (Jeffrey S. Chubak of counsel), for Spin Capital, LLC, respondent.
Klestadt Winters Jureller Southard & Stevens, LLP, New York (Brendan M. Scott of counsel), for Fred Stevens, respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered December 3, 2024, adjudging defendant Stefan Leer liable to nonparty Receiver Fred Stevens for $2,230,197.11, and bringing up for review an order, same court and Justice, entered April 26, 2024, which declared Leer in criminal contempt ordering him to remit to the Receiver $2,139,685.91, plus interest, and to turn over the requested documents, and which granted the motion of the Receiver to enforce two orders, same court and Justice, dated January 4, 2023, appointing the Receiver (the Receivership Order), and January 4, 2024, holding Leer in civil contempt and directing him to turn over to the Receiver $1,985,367.42 in receivership property by January 5, 2024, unanimously affirmed, with costs. Appeal from the April 26, 2024, order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly held Leer in criminal contempt because he individually disobeyed the injunction in the court's Receivership Order and took actions that were calculated to or actually did defeat, impair, impede, or prejudice the receiver's rights or remedies in preserving collateral for plaintiff (see El-Dehdan v El-Dehdan, 26 NY3d 19, 22 [2015]; Hero Boy, Inc. v Dell'Orto, 306 AD2d 226, 227 [1st Dept 2003]).
Leer willfully applied for death benefit proceeds on behalf of defendant Life Shares 1019 (LS 1019) despite the Receivership Order, which explicitly prohibited that from being done. Thus, in its January 4, 2024, order, the court properly held Leer in civil contempt. Leer then violated that civil contempt order by failing to turn over the proceeds to the Receiver, resulting in the criminal contempt order from which he now appeals. Although Leer was given opportunities to provide the requested documents to show his claimed inability to pay, Leer's attorney and LS 1019's attorney offered no good response for why Leer failed to produce those documents (see El-Dehdan, 26 NY3d at 35-36).
We reject Leer's jurisdictional objection to the Receivership Order. First, LS 1019 cannot argue that the court lacked personal jurisdiction over it because it submitted an answer which did not assert lack of personal jurisdiction and then participated actively in the litigation. Secondly, Leer, individually, was properly held in contempt. The Receivership Order "was valid on its face . . . [so it] was to be obeyed even if erroneously made" (New York City Coalition to End Lead Poisoning v Giuliani, 248 AD2d 120, 121 [1st Dept 1998]).
Leer's reliance on there being a corporate separateness between him individually and LS 1019 is unavailing because he is being held liable for his own contempt (see Vastwin Invs. v Aquarius Media Corp., 295 AD2d 216, 217 [1st Dept 2002], lv dismissed 99 NY2d 637 [2003]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025