■ LEONA COHEN, Respondent, v BEN KINZLER, Appellant. [635 NYS2d 45] —In an action to vacate and set aside a judgment by confession, the defendant appeals from (1) an order of the

Supreme Court, Suffolk County (Lama, J.), dated June 28, 1994, which granted the plaintiff's motion for summary judgment and denied his cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated July 28, 1994, which is in favor of the plaintiff and against him vacating and setting aside the confession of judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment is granted, the plaintiff's motion is denied, the judgment by confession executed January 8, 1990, and recorded on January 23, 1990, in the office of the Suffolk County Clerk is reinstated, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

During the course of divorce proceedings between the plaintiff and her husband, the husband, in violation of an order of the Supreme Court, Nassau County (Geiler, J.), dated September 24, 1984, which prohibited the husband from encumbering any marital assets, executed a judgment by confession, dated January 8, 1990, in favor of the defendant herein who was the husband's attorney in the matrimonial action.

Subsequently, the plaintiff entered into a stipulation of settlement in the matrimonial action, dated April 9, 1990, wherein she agreed, inter alia, that the judgment by confession was valid, and that she would not impair the defendant's right to enforce the judgment.

While the judgment by confession which encumbered the marital property was, when it was made, in violation of the September 24, 1984, order, and may have been the proper subject of a motion to vacate at that time, the plaintiff made no attempt to enforce her rights under that order, and, by signing a stipulation of settlement, which finally determined the parties' rights with respect to equitable distribution, has waived the right to this relief (see, Catalano v Catalano, 158 AD2d 570; Boronow v Boronow, 111 AD2d 735, affd 71 NY2d 284).

Accordingly, the Supreme Court improperly awarded summary judgment to the plaintiff and summary judgment should have been granted in favor of the defendant. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.