■ SHEILA PETERS, Respondent, v SAGE GROUP ASSOCIATES, INC., Appellant. SAGE GROUP ASSOCIATES, INC., Appellant, v SHEILA M. PETERS et al., Respondents. [655 NYS2d 500] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered September 16, 1996, which found appellant Sage Group Associates ("SGA") in contempt for failure to abide by prior court orders directing compliance with income execution, and held in abeyance a motion for dismissal of SGA's consolidated interpleader action pending a hearing to determine the amounts involved in the underlying orders, unanimously modified, on the law and the facts, to the extent of granting the motion to dismiss the interpleader action and amending the order to add the notation that the conduct warranting the contempt citation was "calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies" of petitioner Sheila Peters, and in all other respects affirmed, without costs.

Mrs. Peters served an income execution on SGA, a real estate brokerage which was her ex-husband's employer, for court-ordered support arrears. Further litigation resulted in a judgment in Mrs. Peters' favor, which led to a second income execution against the same employer. Some time thereafter, when the individual parties began pressuring SGA as to the division and disposition of a sizable commission earned by Mr. Peters, SGA unilaterally terminated the income execution and filed the interpleader action consolidated herein, as a stakeholder. The court held in abeyance Mrs. Peters' application to dismiss the interpleader action, and related requests for sanctions, costs and fees, held SGA in contempt, but remanded for a Referee's hearing on the precise amount of arrears and continuing support due.

The contempt citation stems from SGA's disregard of valid income execution orders. Even a good-faith belief that the order was defective is no reason to disregard it unilaterally (*Sigmoil Resources v Fabbri*, 228 AD2d 335). Furthermore, SGA's interpleader action is no excuse for disregard of court orders; subjective good faith in noncompliance is no defense to a motion for contempt (*McCain v Dinkins*, 192 AD2d 217, *mod on other grounds* 84 NY2d 216). Once the court has issued a valid order, it is not for the recipient of that order to fashion its own remedy (*see, Matter of Bonnie H.*, 145 AD2d 830, 831, *lv dismissed* 74 NY2d 650). This is especially so here, because of the appearance of possible collusion between employer and employee.

The prejudice to Mrs. Peters from SGA's disregard of the

court orders is clear from the record, and was not a subject of the remand for hearing. The omission of the required recital (Judiciary Law § 770; *cf., Farkas v Farkas*, 209 AD2d 316, 319) from the court's order was, under the circumstances, a mere irregularity not affecting the substantial rights of the parties, which this Court has the inherent power to correct (CPLR 5019 [a]; *Matter of Fiorillo v New York State Dept. of Envtl. Conservation*, 162 AD2d 929, 930). Accordingly, we modify and amend the order to include in its recital the necessary finding that SGA's conduct was "calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of" petitioner Peters.

We have considered appellant's other contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.