■ PAUL BERKOWITZ, Respondent, v ASTRO MOVING AND STORAGE CO., INC., et al., Appellants. [658 NYS2d 425] —In a proceeding pursuant to CPLR article 78 to compel an inspection of corporate books and records which was converted to an action pursuant to Business Corporation Law § 1104-a pursuant to an order of the Supreme Court, Suffolk County (Oshrin, J.), dated April 11, 1997, the appeals are (1) from a judgment of the Supreme Court, Suffolk County (Leis, J.), dated August 11, 1995, which, *inter alia,* compelled the inspection of the books and records of the subject business entities and temporarily restrained the directors of the business entities from, in effect, changing the status quo of the petitioner's salary and expense account or from transferring the business entities' assets, (2) as limited by the appellants' brief, from so much of an order of the same court, dated November 27, 1995, as determined that the directors and shareholders of the business entities were in contempt for failure to comply with the August 11, 1995, order and imposed costs and a fine against them, (3) as limited by the appellants' brief, from so much of an order of the same court, dated December 15, 1995, as, upon renewal, adhered to the original determination in the order dated August 11, 1995, and imposed sanctions upon the appellants, (4) from an order of the same court, dated April 15, 1996, (5) as limited by the appellants' brief, from so much of an order of the same court, dated April 17, 1996, as restrained the directors and shareholders of the business entities from meeting and engaging in any actions which would devalue the petitioner's interests in the business entities pending the completion of the inspection, and (6) from an order of the same court, dated April 19, 1996.

Ordered that the appeals from the orders dated April 15, 1996, and April 19, 1996, are dismissed as abandoned; and it is further,

Ordered that the order dated November 27, 1995, is modified, on the law, by deleting the provision imposing a sanction

upon the appellants for civil contempt in the sum of $8,795 with interest commencing August 28, 1995; as so modified, the order dated November 27, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated August 11, 1995, is affirmed; and it is further,

Ordered that the orders dated December 15, 1995, and April 17, 1996, are affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The respondent is the minority shareholder of eight related corporations and partnerships (hereinafter the business entities) which he founded with the appellant Joseph E. Verderber. The respondent commenced a proceeding pursuant to CPLR article 78 to compel the appellants to produce the books and records of the business entities for inspection by the respondent. The appellants opposed the petition, arguing, *inter alia,* that the CPLR article 78 proceeding was inappropriate. A CPLR article 78 mandamus proceeding to compel an inspection is proper so long as the petitioner demonstrates a clear legal right to the requested relief *(see, Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett,* 40 NY2d 571, 574). At the time the petitioner commenced the proceeding, he was a director and officer of the business entities, and, therefore, had an absolute right to inspect the books *(see, Matter of Cohen v Cocoline Prods.,* 309 NY 119, 124; *see also, Matter of Brenner v Hart Sys.,* 114 AD2d 363, 366).

After this matter was commenced, the appellant directors voted to remove the respondent from his positions as an officer and director of the business entities. As a partner in the two partnership entities, the respondent maintained his right to inspect the books despite his removal *(see,* Partnership Law § 41). Moreover, since he remained a minority shareholder in the corporations, he was still entitled to an inspection pursuant to Business Corporation Law § 624 upon the showing of a proper purpose which was in the interests of the business entities *(see, Matter of Steinway,* 159 NY 250, 263).

The respondent's stated purpose for the inspection was to evaluate a buy-out offer which the appellants made to him, in order to determine the true value of his shares. It is well settled that valuation of shares is a proper purpose for an inspection *(see, Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 21; *see also, Matter of Waldman v Eldorado Towers,* 25 AD2d 836, *affd* 19 NY2d 843). Therefore, the court properly directed an inspection. Moreover, the court did not improvidently exercise its

discretion by imposing suitable temporary safeguards which restricted the appellants' ability to conduct certain business pending the completion of the inspection in order to protect the interests of all concerned (see, Matter of Steinway, supra, at 263).

Furthermore, the court did not err by granting sanctions against the appellants for their motion to renew. The "new facts", as they were characterized by the appellants, were merely facts which were ancillary to the litigation and did not alter the respondent's right to inspection of the corporate books. Indeed, the apparent purpose for the introduction of such new facts, which were purportedly unfavorable to the respondent, was to create confusion of the relevant facts and to influence the court's decision. Moreover, the court did not improvidently exercise its discretion by imposing sanctions upon the appellants and their counsel since the motion was without a proper basis, and was merely one of several motions constituting a barrage of litigation calculated to delay the inspection and to harass the respondent (22 NYCRR 130-1.1 [c]; see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411).

Although the court properly concluded that the appellants were in contempt for their failure to timely comply with the ordered inspection (see, Judiciary Law § 753 [A]), the court erred by imposing a fine against the appellants which included damages and attorneys' fees and costs. Judiciary Law § 773 provides in relevant part that if the injured party can prove that he has suffered an actual loss or injury as a result of the misconduct, the court must impose a fine sufficient to indemnify the aggrieved party. However, where no such actual loss has been shown, the court may only impose a fine which does not exceed the complainant's costs and expenses, plus an additional $250. The respondent failed to prove an actual loss due to the appellants' delay in submitting to the inspection, therefore, the court was limited to imposing a fine for the costs and expenses of opposing the motion. Accordingly, the order dated November 27, 1995, is modified.

The appellants' remaining contentions are either without merit or unpreserved for appellate review. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.