■ In the Matter of MICHELE CORRAO, Respondent, v ALBERT J. DeFALCO, Appellant. [663 NYS2d 250] —In a support proceeding pursuant to Family Court Act article 4, the father, Albert J. DeFalco, appeals from an order of the Family Court, Nassau County (Medowar, J.), dated October 1, 1996, which revoked a suspension of an order of commitment of the same court dated January 18, 1996. By decision and order on motion dated October 28, 1996, this Court granted the father's motion to stay the enforcement of the order of commitment pending hearing and determination of this appeal.

Ordered that the order dated October 1, 1996, is modified, as a matter of discretion in the interest of justice, by adding thereto a provision that the 30 days remaining on the father's sentence is to be served in accordance with Family Court Act § 454 (3) (a); as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court to specify the appropriate days upon which the commitment may be served pursuant to that provision of the Family Court Act.

The Family Court held a hearing to determine if the father was in contempt of various support orders. The evidence adduced established that the father's noncompliance with those orders was willful (*see, Matter of Reed v Reed,* 240 AD2d 951; *Stempler v Stempler,* 233 AD2d 435; *Porcelain v Porcelain,* 143 AD2d 834). Therefore, the court did not improvidently exercise *its* discretion in holding the father in contempt and committing him to 60 days incarceration.

After the father served 30 days in prison, the court suspended the order of commitment on the condition that the father reduce, by $5,000, the $15,121.40 arrearage in child support. The father, however, failed to advance any funds toward the

arrearage and the court revoked the suspension of the commitment order, directed him to finish serving the remaining 30 days, and directed that he could purge himself by paying the full amount of the child support arrears. The father appeals from this order.

The court's failure to conduct a hearing before it revoked the suspension of the order of commitment is not a legal or constitutional infirmity. When the father admittedly failed to satisfy the condition set forth for the suspension of an order of commitment, the court, which had full cognizance of the case and its ensuing developments, had good cause to revoke the suspension without conducting another hearing to determine whether good cause existed (see, Family Ct Act § 455 [1]). The father's concern that his imprisonment may jeopardize his employment may be alleviated by the sentencing device contemplated in Family Court Act § 454 (3) (a). Pursuant to that section, the court may direct that the sentence be served upon certain specified days. In this manner, the father will serve the 30-day sentence on those days that do not conflict with his employment. Inasmuch as the Family Court is in the best position to identify those days, based upon what it determines to be the father's employment opportunities and responsibilities, we remit the matter to the Family Court to specify the appropriate days upon which the commitment may be served. Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.