■ In the Matter of ELISSA BARCHAM-REICHMAN, Respondent, v NEIL REICHMAN, Appellant. [672 NYS2d 403] —In a contempt proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Garvey, J.), dated September 18, 1997, which, upon a finding that he violated certain provisions of an order of visitation of the same court dated January 29, 1997, sentenced him to a term of six months in the Rockland County Jail, which was suspended upon the condition that he serve six months of alternate weekends in jail from Friday evening until Sunday evening commencing September 19, 1997, and ending March 15, 1998. By decision and order of this Court dated October 1, 1997, enforcement of the order dated September 18, 1997, was stayed pending appeal.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting therefrom the provision suspending the sentence of incarceration upon the condition that the father serve six months of alternate weekends in jail from Friday evening until Sunday evening commencing September 19, 1997, and ending March 15, 1998, and by substituting therefor a provision suspending the sentence of incarceration upon the condition that the father serve three months of alternate weekends in jail from Friday evening until Sunday evening, commencing on the next full weekend following five days after his receipt of a copy of this order with notice of entry; as so modified, the order is affirmed, without costs or disbursements.

The evidence adduced at the hearing established, by competent proof, that the father willfully violated the January 29, 1997, order of visitation which clearly and unequivocally expressed that the mother was to have visitation with the son on the second night of Passover, and that she was to be notified when the father traveled with the son out of State (see generally, Matter of Lippman v Lippman, 239 AD2d 346; Haber v Haber, 225 AD2d 664). Additionally, inasmuch as the father failed to provide a legitimate excuse for having twice violated the visitation order, and in view of the fact that the mother's rights were prejudiced by the father's conduct, we conclude

that the Family Court did not improvidently exercise its discretion in imposing a sentence of incarceration (*see, Matter of Lippman v Lippman, supra; Matter of Arguinzoni v Arguinzoni,* 210 AD2d 324). However, we find that the conditional term of six months of alternate weekends in jail is excessive under the circumstances, and we modify the order to reduce that term to three months of alternate weekends in jail. Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.