■ LAURA T. GOLDSMITH, Respondent, v JAMES GOLDSMITH, Appellant. [690 NYS2d 696] —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) an order of the Supreme Court, Westchester County (Shapiro, J.), dated March 5, 1998, which granted the plaintiff wife's motion to hold him in contempt of a temporary restraining order dated November 15, 1996, and imposed a monetary sanction in the amount of $15,000, plus attorneys' fees in the amount of $1,500, and (2) an order of the same court, also dated March 5, 1998, which granted the plaintiff's oral application to direct the Fidelity and Deposit Company of Maryland to pay to her a $16,500 claim on an undertaking on appeal filed by the defendant.

Ordered that the order holding the defendant in contempt is modified, on the law, by adding thereto a provision reciting that the defendant's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the plaintiff; as so modified, that order is affirmed; and it is further,

Ordered that on the Court's own motion, the defendant's notice of appeal from the order directing payment of the claim on the undertaking is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order directing payment of the undertaking is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

During the course of this divorce action, the Supreme Court issued a temporary restraining order prohibiting the defendant

from transferring, selling, pledging, or otherwise encumbering any assets in his possession. One month later, the defendant executed a confession of judgment in favor of a friend who had allegedly loaned him money to pay attorneys' fees. The confession of judgment, in the amount of $30,000, was notarized by a member of the law firm which was representing the defendant in this action. In the defendant's papers in opposition to the motion to hold him in contempt, he acknowledged that he had executed the confession of judgment, but claimed that he had not violated the restraining order because he incurred the debt to his friend prior to the issuance of the order. The Supreme Court rejected the defendant's argument and held him in contempt, concluding that his action in confessing judgment had encumbered marital property and prejudiced the plaintiff's right to equitable distribution.

Contrary to the defendant's contention, the Supreme Court properly held him in contempt of court for violating the temporary restraining order. In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation (*see,* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216; *Matter of McCormick v Axelrod,* 59 NY2d 574; *Matter of CBS Rubbish Removal v Town of Babylon Sanitation Commn.,* 249 AD2d 541). Here, the plaintiff's moving papers established that the defendant violated a clear and unequivocal order of the court by executing a confession of judgment in favor of his friend (*see, Cohen v Kinzler,* 222 AD2d 393), which prejudiced the plaintiff by elevating this individual's claim over her right to equitable distribution of the parties' cooperative apartment. Furthermore, since the plaintiff's moving papers established the essential elements of contempt, which the defendant's affidavit failed to contradict, the court was not required to conduct a hearing before holding the defendant in contempt (*see, Matter of Garbitelli v Broyles,* 257 AD2d 621). The mere act of disobeying the temporary restraining order was sufficient to sustain a finding of civil contempt, regardless of motive, where, as here, it was calculated to or actually did defeat, impair, impede, or prejudice the plaintiff's rights (*see, Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.,* 246 AD2d 538; *Gucci v Gucci,* 213 AD2d 356).

The defendant correctly notes that the contempt order, which was prepared by his own attorneys, failed to contain the required recital that his actions were calculated to, or actually did defeat, impair, impede, or prejudice the rights of a party to

the action (*see,* Judiciary Law § 753 [A] [3]; *Farkas v Farkas,* 209 AD2d 316). However, under the circumstances of this case the omission was "a mere irregularity not affecting the substantial rights of the parties, which this Court has the inherent power to correct" (*Peters v Sage Group Assocs.,* 238 AD2d 123, 124).

In light of our determination that the Supreme Court did not err in holding the defendant in contempt of court, we also affirm the order approving the payment of the $16,500 claim on the undertaking on appeal, as amended, to the plaintiff. The defendant has identified no viable independent basis why, upon affirmance of the contempt order, the surety should not pay the undertaking in accordance with its terms. Santucci, J. P., Krausman, Goldstein and Feuerstein, JJ., concur.