(April 10, 2000)

■ KARINA BARKAN, Plaintiff, v ANATOLE BARKAN, Respondent. ALEXANDER GERSON, Nonparty Appellant. [706 NYS2d 902] —In an action for a divorce and ancillary relief, Alexander Gerson appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated March 18, 1999, which, *inter alia,* granted the defendant's motion pursuant to CPLR 2308 to find him in contempt of court for his failure to comply with a notice of deposition and subpoena duces tecum and awarded the defendant damages in the amount of $2,500.

Ordered that the order is modified, on the law, by adding thereto a provision reciting that the appellant's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the defendant, and by reducing the award of damages from $2,500 to $180.95 plus a statutory penalty of $50; as so modified, the order is affirmed, without costs or disbursements.

The appellant, without excuse, failed to comply with a duly-served notice of deposition and subpoena duces tecum, in a matrimonial action between his daughter and son-in-law. The defendant son-in-law then moved pursuant to CPLR 2308 (a) to find him in contempt, and for an award of damages. After a hearing, the court found the appellant in contempt and awarded the defendant $2,500 in damages.

The appellant is correct that the contempt order failed to contain the required recital that his actions were calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the defendant (*see,* Judiciary Law § 753 [A] [3]; *Farkas v Farkas,* 209 AD2d 316; *Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790). However, under the circumstances of this case, including the undisputed nature of the facts, the omission was a mere irregularity that may be corrected on appeal (*see, Goldsmith v Goldsmith,* 261 AD2d 576).

The award of damages is not supported by the record (*see, Berkowitz v Astro Moving & Stor. Co.,* 240 AD2d 450). The only evidence submitted by the defendant in support of his claim for damages was an invoice from a court reporter in the amount of $80.95, and a bill from a process server in the amount of $100. Accordingly, the award of damages is reduced to $180.95 plus a statutory penalty of $50 (*see,* CPLR 2308).

The appellant's remaining contentions are either academic, without merit, or do not warrant reversal. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.