■ Kumiko Hasegawa, Respondent, v Hiroyoshi Hasegawa, Defendant, and Sam Suzuki et al., Appellants. [722 NYS2d 177] —In an action to set aside a conveyance as fraudulent, the defendants Sam Suzuki, Satoko Suzuki, Tomonari Nomura, and Nomura Suzuki Properties, Ltd., appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Shapiro, J.), dated November 30, 1999, which, *inter alia,* granted that branch of the plaintiff's motion which was to hold the individual appellants in civil contempt, imposed a sanction upon each individual appellant in the sum of $10,000, and, *sua sponte,* awarded the receiver, Jack A. Adesso, an attorney's fee in the sum of $9,800.

Ordered that the appeal by the defendant Nomura Suzuki Properties, Ltd., from so much of the order as granted that branch of the plaintiff's motion which was to hold the individual appellants in civil contempt and, *sua sponte,* imposed a sanction upon each individual appellant in the sum of $10,000 is dismissed, as that defendant is not aggrieved by those portions of the order (*see,* CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, *sua sponte,* awarded the receiver an attorney's fee in the sum of $9,800 is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by (1) adding thereto a provision reciting that the individual appellants' conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the plaintiff, and (2) deleting the

provision thereof which, *sua sponte*, awarded the receiver an attorney's fee of $9,800; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the contentions of the individual appellants (hereinafter the appellants), the record demonstrates that they repeatedly violated a clear and unequivocal court order, thereby prejudicing a right of the plaintiff (*see,* Judiciary Law § 750 [A] [3]; § 753 [A] [3]; *Goldsmith v Goldsmith,* 261 AD2d 576; *Matter of Garbitelli v Broyles,* 257 AD2d 621). Consequently, the Supreme Court properly found them to be in civil contempt (*see, Goldsmith v Goldsmith, supra,* at 577; *Matter of Garbitelli v Broyles, supra,* at 622; *Muller v Muller,* 233 AD2d 486).

The appellants correctly contend that the contempt order failed to contain the required recital that their actions were calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the plaintiff (*see, Barkan v Barkan,* 271 AD2d 466). However, under the circumstances of this case, the omission was a mere irregularity that may be corrected on appeal (*see, Barkan v Barkan, supra*).

The appellants also correctly argue that the receiver, an attorney, was expected to do his own legal work, and is not entitled to extra compensation for legal services. Therefore, that portion of the order awarding the receiver an attorney's fee in the sum of $9,800 must be vacated (*see, Capone v Matteo Realty Corp.,* 237 App Div 322, 323). The appellants have not raised any issues with respect to the remaining sums awarded to the receiver.

The appellants' remaining contentions are without merit. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.