■ In the Matter of ELAINE BURTON, Petitioner, v DUANE A. HART, as Justice of the Supreme Court of the State of New York, Respondent. LaQUINTA HOLLEY et al., Nonparties. [760 NYS2d 349] —Proceeding pursuant to CPLR article 78, inter alia, in effect, to prohibit Duane A. Hart, a Justice of the Supreme Court, Queens County, from enforcing a final order dated February 5, 2003, holding the petitioner, Elaine Burton, in civil contempt, imposing a fine, and, upon default of payment thereof, incarcerating her.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of prohibition does not lie where, as here, the final order sought to be reviewed is issued pursuant to Judiciary Law § 753 (A) (5) and § 756, in contrast to Judiciary Law § 755. Although the final order is phrased in terms of a summary adjudication, in actuality, it held the petitioner in civil contempt for her failure to comply with a judicial subpoena duces tecum (*cf. Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]; *La Rocca v Lane*, 37 NY2d 575, 578-579 [1975], *cert denied* 424 US 968 [1976]; *Matter of State of New York v King*, 36 NY2d 59, 62 [1975]). The remedy is by appeal (*see Douglas v Adel*, 269 NY 144, 147 [1935]; *see also Berkowitz v Astro Moving & Stor. Co.*, 240 AD2d 450, 452 [1997]). Florio, J.P., Schmidt, Townes and Crane, JJ., concur.