■ HOME SURPLUS OF BROOKLYN, INC., Respondent, v HOME SURPLUS, INC., et al., Defendants. BORIS SCHVARTSMAN et al., Nonparty Appellants. [769 NYS2d 904]—

In an action, inter alia, to recover payments due under promissory notes, the nonparties, Boris Schvartsman, Igor Koval, Thomas Agrachov, and Oleg Agrachov, appeal from an amended order of the Supreme Court, Kings County (Kramer, J.), dated February 27, 2003, which, inter alia, found them to be in civil contempt and imposed a fine upon each of them in the amount of $20,000.

Ordered that the amended order is modified, on the law, by adding thereto a provision reciting that the conduct of Boris Schvartsman, Igor Koval, Thomas Agrachov, and Oleg Agrachov was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the plaintiff; as so modified,

the amended order is affirmed, with one bill of costs to the plaintiff.

The plaintiff clearly demonstrated that the appellants took action, in violation of a court order, which was "calculated to or actually did defeat, impair, impede, or prejudice" its rights (*Goldsmith v Goldsmith,* 261 AD2d 576, 577 [1999]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216, 225-227 [1994]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 582-584 [1983]). In opposing the plaintiff's motion, the appellants submitted no evidence to contradict the plaintiff's proof of civil contempt and prejudice. Under these circumstances, the trial court's omission of the recital required by Judiciary Law § 770 was a "mere irregularity not affecting the substantial rights of the parties, which this Court has the inherent power to correct" (*Peters v Sage Group Assoc.,* 238 AD2d 123, 124 [1997]; *see* CPLR 5019 [a]; *Vastwin Invs. v Aquarius Media Corp.,* 295 AD2d 216, 217 [2002]; *Hasegawa v Hasegawa,* 281 AD2d 594, 595 [2001]; *Barkan v Barkan,* 271 AD2d 466 [2000]; *Goldsmith v Goldsmith, supra* at 578).

Moreover, the plaintiff demonstrated that it suffered at least $80,000 in actual loss or injury caused by reason of the appellants' misconduct, an amount which the appellants never disputed. Accordingly, the trial court properly imposed a $20,000 fine on each of the four appellants without conducting a hearing in order to sufficiently indemnify the plaintiff for the wrongdoing (*see State of New York v Unique Ideas,* 44 NY2d 345, 349 [1978]; *cf. Matter of Barclays Bank v Hughes,* 306 AD2d 406, 407 [2003]; *Berkowitz v Astro Moving & Stor. Co.,* 240 AD2d 450, 452 [1997]). Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.