In the Matter of LUISA HOLDEN, Appellant, v CLIVE CARDOZO, Respondent. [778 NYS2d 885]—

Motion by the appellant, inter alia, for leave to reargue appeals from two orders of the Family Court, Suffolk County, entered June 7, 2002, and May 15, 2003, respectively, which were determined by decision and order of this Court dated May 3, 2004, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for reargument is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that upon reargument, the unpublished decision and order of this Court dated May 3, 2004, is recalled and vacated and the following decision and order is substituted therefor:

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) stated portions of an order of the Family Court, Suffolk County (Snellenburg, J.H.O.), entered June 7, 2002, which, inter alia, denied her petition to relocate with the parties' child to the State of Massachusetts and directed her to return with the parties' child within 30 days from the date of entry of the order to Suffolk County or an

adjacent location not to exceed a distance of 35 miles from the westernmost point of Suffolk County and (2) so much of an order of the same court (Blass, J.) entered May 15, 2003, as, upon a determination adjudicating her in contempt, sentenced her to incarceration for a period of 90 days and transferred custody of the parties' child to the father. By decision and order on motion of this Court dated May 29, 2003, so much of the order entered May 15, 2003, as sentenced the mother to incarceration for a period of 90 days was stayed pending hearing and determination of that appeal.

Ordered that the order entered June 7, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered May 15, 2003, is modified by deleting the first decretal paragraph thereof and substituting therefor the following decretal paragraph: Ordered that the term of incarceration for the petitioner, Luisa Holden, for her willful contempt of court shall be the time she has already served; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

After weighing all of the appropriate factors, the Family Court properly denied the mother's petition to relocate to Massachusetts with the parties' child (*see Matter of Church v Cohen,* 266 AD2d 285, 285-286 [1999]; *Matter of Tropea v Tropea,* 87 NY2d 727, 739, 740-741 [1996]).

The Family Court properly held the mother in contempt of court for her willful violation of numerous clear and unequivocal court orders (*see Goldsmith v Goldsmith,* 261 AD2d 576, 577 [1999]; *Matter of Barcham-Reichman v Reichman,* 250 AD2d 609, 609-610 [1998]). However, under the particular circumstances of this case we are exercising our discretion to reduce the penalty imposed from incarceration for a period of 90 days to time already served.

Given the mother's systematic pattern of acting to entirely remove the father from the life of the parties' child and her violation of numerous orders of visitation, which ultimately led to a finding of willful contempt and a sentence of incarceration, under the totality of the circumstances, transfer of custody to the father was in the child's best interests (*see Bains v Bains,* 308 AD2d 557, 558-559 [2003]; *Matter of Morton v Morton,* 158 AD2d 458 [1990]).

The mother's remaining contentions either are without merit or not properly before this Court. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.