■ In the Matter of KENNETH LALAND, Respondent, v TRACY EDMOND, Appellant. [785 NYS2d 718]—

In a proceeding for custody and visitation pursuant to article 6 of the Family Court Act, the mother appeals from an order of the Family Court, Queens County (Clark, J.), dated April 29, 2004, which, after a hearing, in effect, granted the father's motions to find her in contempt upon finding that she willfully violated an order of the same court dated April 18, 2003 (Seiden, R.), and imposed a suspended sentence of 30 days.

Ordered that the order is modified, on the law, by adding to the end of the first sentence of the decretal paragraph thereof the words "and that the mother's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights and remedies of the father"; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly granted the father's motions to hold her in contempt upon finding that she willfully violated a prior order of the same court. To prevail on a motion for contempt, the movant must demonstrate that the accused party violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]). The mother violated a clear and unequivocal mandate of the Family Court by willfully refusing to produce the subject child for visitation with the father (*see Matter of Barcham-Reichman v Reichman*, 250 AD2d 609 [1998]).

By contesting the father's motions for contempt on the merits without timely objecting that they did not comply with the notice and warning requirements of Judiciary Law § 756, the mother waived any objections to the validity of the motions based on those requirements (*see Matter of Restivo v Cincu*, 11

AD3d 621 [2004]; *see also Matter of Rappaport,* 58 NY2d 725, 726 [1982]; *Matter of Glenn v Glenn,* 262 AD2d 885 [1999]).

Although the mother is correct in that the order appealed from failed to contain the required recital that her actions were calculated to, or actually did, defeat, impair, impede, or prejudice the father's rights and remedies (*see* Judiciary Law § 753 [A] [3]; *Oppenheimer v Oscar Shoes,* 111 AD2d 28, 29 [1985]; *Powell v Clauss,* 93 AD2d 883 [1983]; *Matter of Ross v Sherwood Diversified Servs.,* 88 AD2d 936 [1982]), under the circumstances of this case, including the findings made on the record by the Family Court in that regard, the omission was a mere irregularity that may be corrected on this appeal (*see Barkan v Barkan,* 271 AD2d 466 [2000]; *Goldsmith v Goldsmith, supra* at 577-578).

The nature and degree of punishment ordered by the Family Court were well within the scope of its discretion (*see Matter of Barcham-Reichman v Reichman, supra; Matter of Corrao v DeFalco,* 243 AD2d 632, 633 [1997]).

The mother's remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.