*42 OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination in accordance with the following memorandum.
In this nonpayment proceeding, tenant, after being evicted pursuant to a default final judgment, moved to be restored to possession. By order dated June 14, 2010, the Civil Court granted tenant’s motion, and directed landlord to restore tenant to possession forthwith and to return her personal property. Thereafter, tenant moved to punish landlord for civil contempt (see Judiciary Law § 753), alleging that landlord had failed to comply with the June 14, 2010 order. Landlord opposed the motion, asserting that the subject house had been rendered uninhabitable and that landlord had attempted to relocate tenant in accordance with its policies. Applying the standards applicable to criminal contempt motions (Judiciary Law § 750; see generally Matter of McCormick v Axelrod, 59 NY2d 574, 582-583 [1983]), the Civil Court found that tenant had failed to establish willfulness on landlord’s part in not restoring tenant to possession and denied tenant’s motion.
As tenant’s motion sought to punish landlord for civil contempt, the court erred in applying the standards which govern motions to punish for criminal contempt and in denying tenant’s motion based on a finding that tenant did not establish the element of willfulness on landlord’s part (see Matter of McCormick, 59 NY2d at 582-583). Accordingly, the order must be reversed and the matter remitted to the Civil Court for a new determination upon application of the standards which govern motions to punish for civil contempt.
To sustain a finding of civil contempt, it must be found that a valid judicial order stating an unequivocal mandate has been disobeyed (McCain v Dinkins, 84 NY2d 216, 226 [1994]). “Once the court has issued a valid order, it is not for the recipient of that order to fashion its own remedy” (Peters v Sage Group Assoc., 238 AD2d 123, 123 [1997]). “Even a good-faith belief that the order was defective is no reason to disregard it unilaterally” (Peters v Sage Group Assoc., 238 AD2d at 123; see Bell v White, 55 AD3d 1211, 1215 [2008]).
Here, the court’s June 14, 2010 order unequivocally directs landlord to restore tenant to possession. The fact that landlord could not restore tenant to possession because the house had *43 been rendered uninhabitable would not allow landlord to totally disregard the court’s order. While the impossibility of performance may be a valid excuse for noncompliance with a court order, a party cannot flout the authority of the court and wait until called to task to then, for the first time, inform the court of its difficulties in complying with the order. When landlord discovered that the house was uninhabitable, it was incumbent upon landlord to advise the court immediately of its inability to comply with the order. While a motion for contempt is ultimately addressed to the sound discretion of the court (see Matter of Hughes v Kameneva, 96 AD3d 845 [2012]), litigants, particularly government agencies, must still be mindful of their duty to abide by the terms of a court order (see generally McCain v Dinkins, 192 AD2d 217, 219 [1993], mod on other grounds 84 NY2d 216 [1994]).
Weston, J.P., Rios and Solomon, JJ., concur.