Matter of Jewish Press, Inc. v New York City Police Dept. (2024 NY Slip Op 01511)

Matter of Jewish Press, Inc. v New York City Police Dept.

2024 NY Slip Op 01511

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 155280/19 Appeal No. 1862-1863 Case No. 2023-02760, 2023-02761 

[*1]In the Matter of The Jewish Press, Inc., Respondent,
v
New York City Police Department, Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for appellant.
Aron Law, PLLC, Brooklyn (Samuel C. Spirgel of counsel), for respondent.

Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered May 2, 2023, awarding petitioner attorney's fees and costs against respondent New York City Police Department (NYPD), in the amount of $114,345.02, and bringing up for review an order, same court and Justice, entered July 14, 2022, which granted petitioner's motion for leave to reargue its motion for attorney's fees and costs arising from a request for certain records concerning a traffic accident pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), unanimously modified, on the law, without costs, the judgment vacated, and the matter remanded for a determination of the amount of attorney's fees and costs arising from respondent's contempt only. Appeal from order (denominated judgment and order), same court and Justice, entered February 6, 2023, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This Court's prior denial of petitioner's request for attorney's fees and other legal costs (Matter of Jewish Press, Inc. v New York City Police Dept., 190 AD3d 490, 491 [1st Dept 2021], lv denied 37 NY3d 906 [2021]) is the law of the case with respect to fees and costs incurred prior to this Court's January 12, 2021 order (see e.g. International Bus. Machs. Corp. v Murphy & O'Connell, 204 AD2d 236, 236 [1st Dept 1994]; see generally Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]). By finding no basis for awarding attorney's fees even though petitioner had substantially prevailed as a result of this Court's order directing the disclosure of all records sought in the FOIL request (see e.g. Matter of Rauh v de Blasio, 161 AD3d 120, 127 [1st Dept 2018]), this Court implicitly held that respondent NYPD had a "reasonable basis for denying access" to those records (Public Officers Law § 89[4][c][ii]). Petitioner's position that it could not have substantially prevailed before NYPD began producing any records is meritless.
In contrast, the court properly granted attorney's fees and costs arising from NYPD's noncompliance with this Court's prior order. NYPD's argument, that this noncompliance was justified because some of the records were sealed after NYPD's final administrative determination, was abandoned in the prior appeal (Matter of Liberty Mut. Ins. Co. v Mohabir, 115 AD3d 413, 414 [1st Dept 2014]), and this Court has "no discretionary authority" to reach this unpreserved issue in the interest of justice in this article 78 proceeding challenging an administrative determination (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]). The court providently exercised its discretion in holding NYPD in civil contempt, given that NYPD waited several months before disclosing a video and 407 heavily redacted pages of responsive records, after which petitioner was forced to continue litigating its entitlement to complete disclosure of unredacted copies of the records. After this Court's January 2021 order, NYPD should have disclosed all records responsive to petitioner's FOIL request, without the need for any further proceedings. "Once the court has issued a valid order, it is not for the recipient of that order to fashion its own remedy" (Peters v Sage Group Assoc., 238 AD2d 123, 123 [1st Dept 1997]). The "lengthy delay" caused by NYPD "was unreasonable under the particular circumstances of this case," warranting an award of attorney's fees and costs pursuant to FOIL (Matter of NYP Holdings, Inc. v New York City Police Dept., 220 AD3d 487, 489 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024