| **Calen Invs. LLC v Notias** |
|:---:|
| 2024 NY Slip Op 34272(U) |
| November 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654142/2020 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

CALEN INVESTMENTS LLC

                              Plaintiff,

                - v -

NIKOLAOS NOTIAS,

                       Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654142/2020 |
| **MOTION DATE** | 10/17/2024 |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249

were read on this motion for                        CONTEMPT                 .

     Plaintiff Caelen Investments LLC ("Caelen") moves to compel Defendant Nikolaos Notias ("Notias") to comply with an information subpoena issued pursuant to CPLR 5224(a)(3) (the "Information Subpoena") and a subpoena *duces tecum* issued pursuant to CPLR 5224(a)(2) (the "Document Subpoena," and collectively, the "Subpoenas"). Caelen also moves for a finding of contempt, alleging that Notias failed to comply with the Subpoenas. Caelen also seeks an award of reasonable attorneys' fees and costs incurred in connection with this motion. Notias opposes. Upon the foregoing documents and for the reasons discussed below, Caelen's motion is **granted.**

     *1. Motion to Compel*

     A judgment creditor may "compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which . . . shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court" (CPLR § 5223; *see also Gryphon Domestic VI, LLC v GBR Info. Servs., Inc.*, 29 AD3d 392, 393 [1st Dept 2006]).

**654142/2020   PIRAEUS BANK S.A. vs. NOTIAS, NIKOLAOS**
**Motion No.  011**

Page 1 of 5

Under CPLR 2308(b)(1), the issuer of a subpoena "may move in the supreme court to compel compliance." Failure to comply with an information subpoena issued pursuant to Article 52 of the CPLR is governed by CPLR 2308 (CPLR § 5224 [a] [iv]). The Court must therefore determine whether "the subpoena was authorized," and, if so, "it shall order compliance . . ." (CPLR § 2308 [b] [1]).

CPLR 5224(a)(3) notes that information subpoenas should be "accompanied by a copy and original of written questions and a prepaid, addressed return envelope. Service . . . may be made by registered or certified mail, return receipt requested." The Information Subpoena at issue here, along with a copy, was served via certified mail with return receipt requested, and it included the required prepaid, addressed return envelope (*see* NYSCEF 238 ["DiBlasi Aff."] ¶ 14; NYSCEF 241 ["Information Subpoena"]). Accordingly, compliance with the requirements of CPLR 2308 and CPLR 5224(a)(3) has been shown and Notias must comply with the Information Subpoena.

In his opposition, Notias contends that he *has* responded to the Information Subpoena, but he also states that he "will supplement his responses and provide additional details and information as he continues review and consideration of the Plaintiff's subpoenas" (NYSCEF 246 ["Memo Opp."]). A party subject to an information subpoena has seven days after receipt to respond (CPLR 5224 § [a] [3]). Having received the subpoena on August 22, 2024, Notias was required to respond by August 29, 2024; he is not free to take an unlimited time to "supplement" past-due responses. Caelen has pointed out patent deficiencies in Notias's responses to the Information Subpoena (NYSCEF 249), and no filings have been made on the docket indicating that these deficiencies have been addressed.

**654142/2020   PIRAEUS BANK S.A. vs. NOTIAS, NIKOLAOS**
**Motion No. 011**

**Page 2 of 5**

2 of 5

As to the Document Subpoena, Notias's responses were likewise untimely and patently deficient, lacking responsive documents for at least two of Notias's JPMorgan Chase accounts (DiBlasi Aff. ¶ 13). Though Notias's counsel stated that further responsive documents would be provided at a later date, no subsequent production has occurred (*id.*; NYSCEF 240). The Document Subpoena contained the information required under CPLR 5223 and was thus properly issued (NYSCEF 239). Accordingly, Notias must comply with the Document Subpoena.

2. ***Motion for Contempt***

Under CPLR 5251, "[r]efusal or willful neglect of any person to obey a subpoena . . . issued . . . pursuant to this title . . . shall . . . be punishable as a contempt of court." A finding of civil contempt under Section 753 of the Judiciary Law requires that the movant establish "by clear and convincing evidence that defendant violated a lawful, clear mandate of the court, of which he had knowledge, and that such violation resulted in prejudice to plaintiff's rights" (*Pac. All. Asia Opportunity Fund L.P. v Wan*, 199 AD3d 423 [1st Dept 2021] *citing El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]).

Notias had actual notice of the Subpoenas as evidenced by contemporaneous emails from Notias's counsel, demonstrating that his failure to comply was willful (NYSCEF 240, 242). Further, Notias's failure to comply has prejudiced Caelen's ability to seek information necessary to pursue satisfaction of its judgments. Since Caelen's moving papers establish the essential elements of contempt, and Notias's opposition fails to contradict them, no hearing is required to hold Notias in contempt (*see Goldsmith v Goldsmith*, 261 AD2d 576, 577 [2d Dept 1999]).

3. ***Attorneys' Fees and Costs***

**654142/2020   PIRAEUS BANK S.A. vs. NOTIAS, NIKOLAOS**
**Motion No. 011**

**Page 3 of 5**

[* 3]                                    3 of 5

Under Judiciary Law § 773, when there is a showing of actual loss resulting from proven misconduct, a "fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender." Courts have found that this fine can include attorneys' fees (see e.g. *Gottlieb v Gottlieb*, 137 AD3d 614, 618 [1st Dept 2016] ["[l]egal fees that constitute actual loss or injury as a result of the contempt are routinely awarded as part of the fine"]; *Children's Vill. v Greenburgh Eleven Teachers' Union Fed'n of Teachers, Local 1532, AFT, AFL–CIO*, 249 A.D2d 435, 435 [2d Dept 1998] ["Judiciary Law § 773 permits recovery of attorney fees from the offending party by a party aggrieved by the contemptuous conduct"]). Accordingly, Caelen is entitled to an award of reasonable attorneys' fees and costs incurred in connection with this motion.

4. ***Notias's "Cross Motion"***

Failure to object to the Information Subpoena or move to quash it within the seven-day window prescribed by CPLR 5224(a)(3) amounts to waiver (*Lantern Endowment Partners, LP v Bluefin Servicing Ltd.*, 2023 N.Y. Slip Op. 31240[U], 4 [Sup Ct, NY County 2023]). Thus to the extent that Notias's untimely opposition (which does not seek affirmative relief) could be construed as a cross motion, it is denied.

Accordingly, it is

**ORDERED** that Plaintiff's motion is **granted**; it is further

**ORDERED** that Defendant must comply with the information subpoena issued pursuant to CPLR 5224(a)(3) and the subpoena *duces tecum* issued pursuant to CPLR 5224(a)(2) no later than fourteen (14) days within entry of this Order; it is further

**ORDERED** that any objections by Defendant to the requests for information contained in the Subpoenas, except for attorney-client privilege, are waived; it is further

**654142/2020   PIRAEUS BANK S.A. vs. NOTIAS, NIKOLAOS**
**Motion No.  011**

Page 4 of 5

4 of 5

**ORDERED** that Defendant is held in contempt of Court for willingly failing to comply with the Subpoenas; it is further

**ORDERED** that Defendant shall pay a one-time $150 fine to Plaintiff pursuant to CPLR 2308(a) for failure to comply with the subpoena *duces tecum*; it is further

**ORDERED** that Defendant shall pay a one-time $50 fine to Plaintiff pursuant to CPLR 2308(b) for failure to comply with the information subpoena; and it is further

**ORDERED** that Plaintiff shall recover the costs and fees reasonably incurred in connection with the instant motion, including reasonable attorneys' fees, upon the submission of an application therefor, including supporting documentation, within fourteen (14) days of the entry of this Order.

This constitutes the decision and order of the Court.

20241129128541MC0HENE050A687B6E6B4CA2BA11108286E046CD

_____
**11/29/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654142/2020   PIRAEUS BANK S.A. vs. NOTIAS, NIKOLAOS**
**Motion No.  011**

Page 5 of 5

5 of 5