Hempel v Wise (2026 NY Slip Op 50022(U))

[*1]

Hempel v Wise

2026 NY Slip Op 50022(U)

Decided on January 8, 2026

Supreme Court, New York County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
Supreme Court, New York County

Sheryl Hempel, BYRON BLOUNT and ALEXANDER UNGER, Plaintiffs,

againstDaniel Wise, JTD BUILDERS, LLC, 193 HENRY STREET, LLC and 
 201 EAST BROADWAY EQUITIES, LLC, Defendants.

Index No. 656844/2021

Ashlee Crawford, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 64, 65, 66, 67, 71, 72, 73, 74, 75, 76, 83, 86 were read on this motion to/for DISCOVERY.
Upon the foregoing documents, it isPlaintiffs move pursuant to CPLR 5224(a)(3)(iv) and 2308(b) for an order compelling defendant Daniel Wise to comply with plaintiffs' post-judgment information subpoena dated April 24, 2023, and to fine Wise and award plaintiffs unspecified damages for his non-compliance. Wise opposes the motion.
 Judgment & Information SubpoenaOn March 27, 2023, judgment was entered for plaintiffs and against defendants, including defendant Wise, in the total sum of $2,647,905.35 (NYSCEF Doc. 54). On or about April 24, 2023, plaintiffs served an information subpoena on Wise, demanding information concerning his assets from November 30, 2015 through the then-present (NYSCEF Docs. 65 at Exs. 1-3; 73 at ¶ 3).
Wise responded on or about August 11, 2023, objecting to the "relevant time period" in the subpoena as overbroad and improper, arguing that the proper period begins to run from the date of entry of the judgment, on March 27, 2023; and otherwise objecting to specific demands as overbroad, improper, or protected by attorney-client privilege (NYSCEF Doc. 74).
In response to plaintiffs' demand that Wise identify and describe all real property he owns/owned, directly or indirectly, during the relevant period of November 30, 2015 to the then-present, Wise objected and merely responded that from "March 27, 2023 to the present [August 11, 2023], Wise does not own real property in New York" (id. at p. 9 [emphasis added]). 
In response to plaintiffs' demand that Wise describe his business or occupation during the relevant period, Wise refused to answer, objecting on the ground that the demand is vague, overbroad, and/or calls for information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence" (id. at 4). Wise's response is replete with refusals to furnish basic information about his income, property, debts, and other liabilities.

Discussion
"Under New York law, judgment creditors are entitled to broad discretion in aid of judgment enforcement" (U.S. Bank N.A. v APP Intl. Fin. Co., B.V., 100 AD3d 179, 183 [1st Dept 2012]). This "generous standard permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property" (ICD Group v Israel Foreign Trade Co. [USA], 224 AD2d 293, 294 [1st Dept 1996]). To that end, CPLR 5223 provides that:
"At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court."The foregoing is 'a generous standard which permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property'" (Gryphon Dom. VI, LLC v GBR Info. Servs., Inc., 29 AD3d 392, 393 [1st Dept 2006] [citation omitted]). 
CPLR 5224(a) identifies three types of subpoenas available for post-judgment disclosure: a subpoena requiring attendance at a deposition, a subpoena duces tecum to produce documents, and an information subpoena. Failure to comply with an information subpoena allows "the issuer or the person on whose behalf the subpoena was issued [to] move in the supreme court to compel compliance" (CPLR 2308[b][1]; CPLR 5224[a][3][iv]). The Court must then determine whether "the subpoena was authorized," and, if so, "it shall order compliance " (CPLR 2308[b][1]).
The failure to object to an information subpoena or move to quash within the seven-day period under CPLR 5224(a)(3) amounts to waiver (Calen Investments LLC v Notias, 2024 NY Slip Op 34272[U], *4 [Sup Ct, NY Co. 2024] [Joel Cohen, J.]; Lantern Endowment Partners, LP v Bluefin Servicing Ltd., 2023 NY Slip Op 31240[U], *2 [Sup Ct, NY Co. 2023] [Melissa Crane, J.]). However, a subpoena recipient does not waive objections where discovery requests are palpably improper (see PF2 Sec. Evaluations, Inc. v Fillebeen, 168 AD3d 617, 618 [1st Dept 2019]). To that end, a court will consider the time frame and general subject matter of the ordered disclosure in determining whether the demand for information is impermissibly overbroad (see Pala Assets Holding Ltd. v Rolta, LLC, 210 AD3d 560, 562 [1st Dept 2022]; see also Lupe Dev. Partners, LLC v Pac. Flats I, LLC, 118 AD3d 645, 645 [1st Dept 2014], lv dismissed 24 NY3d 998 [2014]).
Wise argues in opposition that plaintiffs' motion to compel his response to the information subpoena is moot, given his August 11, 2023 response, and, in any event, the subpoena is vague and overbroad. Specifically, Wise insists that the information subpoena should be limited to determining his assets from the date of the judgment and no earlier. He also objects to the definition of "Judgment Debtor" as provided in the subpoena. Wise further contends that certain questions — including those which seek to identify his routine expenses, his debts and liabilities, and any collection efforts against him — seek to harass and embarrass him. Finally, Wise argues that the information subpoena improperly seeks the production of documents, which plaintiffs must serve a subpoena duces tecum to obtain.
The Court finds the information subpoena is authorized and relevant to the satisfaction of the judgment, with the following two limitations. First, plaintiff's definition of "judgment debtor" employed in the subpoena is overly broad. CPLR 105 (m) defines "judgment debtor" as "a person, other than a defendant not summoned in the action, against whom a money judgment is entered," whereas the subpoena expands the definition to include Wise's "employees, agents, representatives, consultants, accountants, attorneys, and any other person or entity acting or purporting to act on [his] behalf, including any person who served in such capacity at any time during the relevant time period herein" (Information Subpoena at ¶ 2 [NYSCEF Doc. 73]). Wise's response to the subpoena should be limited to the narrower statutory definition (see Lupe Dev. Partners, LLC v Pac. Flats I, LLC, 118 AD3d at 645 [subpoenas improperly sought examination of assets belonging to non-judgment debtor]).
Second, to the extent plaintiff's information subpoena seeks to compel production of documents, Wise need not do so. The appropriate instrument for plaintiffs to obtain such documentation is a subpoena duces tecum (CPLR 5224 [a]). To the extent demand no. 39 requires Wise to "[i]dentify and produce copies of all checks and other documents evidencing payments made to the defendants' attorneys in this matter," Wise need not produce the copies. He must, however, respond by identifying payments made to his counsel, which information is not protected by the attorney-client privilege (see Matter of Nassau County Grand Jury Subpoena Duces Tecum Dated June 24, 2003, 4 NY3d 665, 678-679 [2005]).
The Court finds unpersuasive Wise's challenge to the time frame of the subpoena, both because that late objection was waived and the time frame is appropriate and not impermissibly over broad. Disclosure commencing from November 30, 2015, the date when Wise executed the promissory note upon which the action is based, is relevant (see Promissory Note, Ver. Complaint at Ex. 1 [NYSCEF Doc. 1]; cf. Lupe Dev. Partners, LLC v Pac. Flats I, LLC, 118 AD3d at 645 [subpoenas sought material relating to assets acquired significantly before the transaction giving rise to the underlying action]; see also TGT, LLC v Avenues World Holdings, LLC, 2022 NY Slip Op. 30536[U], *11-12 [Sup Ct, NY Co. 2022][limiting disclosure period to the date judgment debtor began to raise funds for his fraud scheme]).[FN1]
Notably, about one month before Wise executed the promissory note, he was indicted in district court in Pennsylvania for making false declarations and statements in his 2012 bankruptcy proceeding. The basis for the indictment was Wise's failure to disclose that he was the holder of a $2.4 million promissory note, which was the subject of litigation in New York (Albergo Affirm. at ¶ 12, Ex. 10 [*2][NYSCEF Doc. 76]). In 2016, Wise pled guilty to the federal charges (id. at ¶¶ 12-13, Ex. 11). These facts support post-judgment disclosure beginning on November 30, 2015, when Wise executed the promissory note which gave rise to the judgment here.
The remainder of Wise's challenges to the subpoena are waived and, in any event, unpersuasive. "As the judgment creditor, plaintiff is entitled to disclosure of 'all matter relevant to the satisfaction of the judgment' through service of subpoenas upon 'any person' '[a]t any time before a judgment is satisfied or vacated'" (Berisha v Tosca Café, Inc., 202 AD3d 531, 532 [1st Dept 2022]; CPLR 5223). This includes discovery from Wise to determine whether he transferred assets so as to defraud the judgment creditors (id.). Wise's responses to the subpoena are patently deficient and impermissibly attempt to limit the scope of the subpoena's inquiry. Subject to the two limitations discussed above, Wise must answer all questions in the information subpoena for the relevant period, commencing from November 30, 2015 through the date of his response. 
Accordingly, it is
ORDERED that plaintiffs' motion to compel defendant Daniel Wise to comply with plaintiffs' post-judgment information subpoena dated April 24, 2023 is GRANTED, subject to the two limitations directed herein; and it is further
ORDERED that within 10 days of this order, plaintiffs shall serve a copy of this order with notice of entry via NYSCEF on all defendants; and it is further
ORDERED that within 45 days of entry, defendant Wise shall respond to plaintiffs' information subpoena dated April 24, 2023, consistent with this order, and shall pay plaintiffs a $50.00 penalty (see CPLR 2308 [b] [1]); and it is further
ORDERED that, the Court having previously severed and continued plaintiffs' fourth cause of action, all parties shall appear for a status conference on March 18, 2026, at 10:00 AM.
This constitutes the decision and order of the Court.
DATE 1/8/2026ASHLEE CRAWFORD, J.S.C.

Footnotes

Footnote 1: The case relied on by Wise is distinguishable on its facts and does not support a broad application (see Pala Assets Holding Ltd. v Rolta, LLC, 210 AD3d 560, 562 [1st Dept 2022]).